■ PATRICIA WESTON, Respondent, v CLUB MEDITERRANEE, S. A., et al., Appellants. [602 NYS2d 616] —Order, Supreme Court, New York County (William Davis, J.), entered October 5, 1992, which denied defendants' motion to dismiss the complaint, pursuant to CPLR 3211 (a) (8) and 327, unanimously affirmed, with costs.

Plaintiff, a New York resident, purchased a vacation package from Club Med Sales. The package included a stay at a resort operated by defendant Club Med Bahamas, Ltd. and owned by defendant Holiday Villages, Ltd. on Turkoise Island. During her vacation, plaintiff was assaulted. Plaintiff's complaint alleges that the assault took place "on the Village" due to the failure of defendants to provide adequate security. Her assailant was later prosecuted for the crime.

In support of the motion to dismiss, each of the defendants, except Club Med Sales, Inc., offered affidavits urging that they did not transact business in New York. Club Mediterranee, S. A. identified itself as a French corporation. Club Med, Inc., which admitted that it sold vacation packages on consignment to Club Med Sales, Inc. for the "Club Med" resort located on Turkoise asserted it was a Cayman Islands corporation. Defendants Club Med Holdings, N.V. and Club Med Finance, B.V. asserted they were Netherlands Antilles corporations. Holiday Villages, the owner of the resort premises, asserted it was incorporated in Grand Turk, Turks and Caicos. Defendant Club Med Bahamas, Ltd., the operator of the premises, asserted that it provided security for the premises it operated, but that its security guards did not patrol the public beach.

The motion to dismiss was supported by pictures depicting signs warning that there was neither security nor lifeguards at the beaches.

In support of her claim that all of the defendants did business in New York, plaintiff urged that defendants sell their vacation packages in New York through defendant Club Med Sales, Inc., "Club Med" is a registered trademark, and that Club Med evokes "images of a singular, unified resort network with vacation villages worldwide." Based on information developed in unrelated litigation, plaintiff alleged that Club Med Sales, Inc. is a wholly-owned subsidiary of Club Med Finance, B.V., which in turn is a wholly-owned subsidiary of Club Med Holdings, Inc., which in turn is a wholly-owned subsidiary of Club Med, Inc. Plaintiff further alleged that Club Med Bahamas, Ltd., the operator of the premises, is also a wholly-owned subsidiary of Club Med, Inc. Plaintiff further alleged that "Club Med" vacations at 110 locations could be purchased through Club Med Sales, Inc.; and that Club Med Sales, Inc. "retains commissions from the packages sold and forwards the balance to the operating companies". According to the deposition testimony cited by plaintiff, two of the officers of Club Med, Inc., Gilbert and Serge Trigano, are also directors of Club Med Sales, Inc.

We find no merit to defendants' claim that the IAS Court erred when it *sua sponte* and without notice to the parties converted the motion to dismiss into one for summary judgment. Defendants seize on the court's observation that "[d]efendants' affidavits are drafted in a conclusory fashion and are insufficient to rebut plaintiff's allegations and documentary evidence," but the IAS Court did nothing more than deny the motion on the record presented to it, affording plaintiff every favorable intendment. Moreover, the court did not recite that it was converting the motion, nor did it treat it as such. *(See, Arrington v New York Times Co.,* 55 NY2d 433, 442.)

The forum non conveniens branch of defendants' motion was also properly denied. The burdens of litigation in a foreign country is "part of the price which may properly be demanded of those who extensively engage in international trade" *(Frummer v Hilton Hotels Intl.,* 19 NY2d 533, 538). Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Rubin, JJ.