J.G. v Goldfinger (2020 NY Slip Op 07671)





J.G. v Goldfinger


2020 NY Slip Op 07671


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 151453/16 Appeal No. 12663 Case No. 2019-04197 

[*1]J.G., et al., Plaintiffs-Appellants,
v
Myron Goldfinger et al., Defendants, Covecastles Development Corporation et al., Defendants-Respondents.


Gelber & Santillo PLLC, New York (R. Zachary Gelber of counsel), for appellants.
Shapiro Litigation Group PLLC, New York (David J. Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about September 10, 2019, which granted defendants Covecastles Development Corp. and Covecastles Ltd.'s motion to dismiss the complaint pursuant to CPLR 327(a), unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion denied.
The Covecastles defendants, the only remaining defendants in the case, did not meet their "heavy burden" of establishing that the balance of the forum non conveniens factors points "strongly in [their] favor" (Elmaliach v Bank of China Ltd., 110 AD3d 192, 208 [1st Dept 2013]; see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). Plaintiffs are New York State residents and their choice of home forum, while not dispositive, is the "most significant factor in the equation" (Bacon v Nygard, 160 AD3d 565, 566 [1st Dept 2018]). Moreover, the corporate defendants have connections to New York (see Weston v Club Mediterranee, S.A, 197 AD2d 453, 454 [1st Dept 1993]). Its managing directors are New York residents, board meetings took place in New York, and the defendants affirmatively pleaded New York as their primary place of business in another case. The burden was on defendants to establish that their corporate structure had changed in the preceding years, which they failed to do.
Although defendants contend that a majority of the critical witnesses were located in Anguilla, they only identified three. The perpetrator of the attack, who is currently serving a 25-year sentence, would be made available to testify by a video connection in a New York action. Defendants failed to specify the location of the other two witnesses and submitted no evidence that these witnesses would not testify voluntarily in New York. Similarly, defendants allege that the resort became defunct as a result of the damage by Hurricane Irma, but failed to specify what documents and records, if any remain on the island. In contrast, all of plaintiffs' medical experts and records are in New York.
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020