■ CONSIDAR, INC., Appellant, v REDI CORPORATION ESTABLISHMENT et al., Respondents. [655 NYS2d 40] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 17, 1995, which, *inter alia*, denied plaintiff's motion for an attachment of two specified bank accounts held in the name of defendant Redi Corporation USA (Redi USA), unanimously reversed, on the law, with costs, plaintiff's motion for an attachment granted on condition that plaintiff, within ten days of the date of this order, file an undertaking pursuant to CPLR 6212 (b) in the sum of $30,000, and the matter remanded for an immediate hearing on the issue of Redi Corporation Establishment's interest, if any, in the two specified bank accounts.

It is undisputed that defendant Redi Corporation Establishment (Establishment), a metal merchant, is a foreign corporation registered in Liechtenstein, and not qualified to do business in the State, thus satisfying one of the grounds for attachment (CPLR 6201 [1]).

In addition, a plaintiff seeking an order of attachment must demonstrate that there is a cause of action and that it is probable that the plaintiff will succeed on the merits (CPLR 6212 [a]). Although evidentiary facts making out a prima facie case must be shown, plaintiff must be given the benefit of all legitimate inferences and deductions that can be made from the facts stated (*Swiss Bank Corp. v Eatessami*, 26 AD2d 287, 290).

In its first cause of action, plaintiff alleges that, on July 13, 1994, it entered into a contract with Establishment pursuant to which Establishment agreed to sell to plaintiff and plaintiff agreed to purchase from Establishment 1,500 to 3,000 metric tons of high carbon ferro-chrome, at a price of $690 per metric

ton, to be delivered in September 1994 F.O.B. Ventspils, Latvia, and that, on or about October 31, 1994, plaintiff agreed to Establishment's request to amend the contract so as to change the date of delivery to December 1994 or January 1995. Plaintiff alleges that Establishment breached the contract by failing or refusing, despite due demand, to deliver the ferrochrome within the time required and that plaintiff's damages pursuant to UCC 2-713 amount to $542,100.

In denying plaintiff's motion for an order of attachment pursuant to CPLR 6201 and 6212, attaching any assets of Establishment, including any of its funds maintained in the name of defendant Redi Corporation USA in two specified bank accounts, the IAS Court found that plaintiff failed to demonstrate that Establishment has an interest in the funds it seeks to attach and that, in any event, plaintiff failed to demonstrate the probability of its success on its breach of contract claims because such claims are based on two alleged oral agreements for the sale of goods,* which are clearly unenforceable under the Statute of Frauds on sales (UCC 2-201 [1]) absent the requisite writing.

However, documentary and other evidence in the record establishes that the principal terms of the July 13, 1994 ferrochrome agreement were confirmed in a signed memorandum, on plaintiff's letterhead, which was faxed to Establishment the next day.

Such memorandum constituted "a writing in confirmation of the contract" pursuant to UCC 2-201 (2) and thus satisfied the formal requirements of UCC 2-201 (1) unless written notice of objection to its contents was given within ten days after it was received, which was not done (see, B & R Textile Corp. v Domino Textiles, 77 AD2d 539). Given such evidence of a contract for the sale of goods and the undisputed lack of performance, there is at least the probability of plaintiff being successful in its breach of contract claim against Establishment.

As to the IAS Court's finding that plaintiff failed to demonstrate that Establishment has an interest in the funds it seeks to attach, the issue of whether or not Establishment has any interest in the two Redi USA accounts specified cannot be determined with any certainty on the present record and an immediate hearing should be held to resolve the issue at which it would be Establishment's or Redi USA's burden, as interested

---

* Although two separate agreements are alleged, the so-called ferrochrome contract of July 13, 1994 is the only one for which Establishment is being sued.

parties, to come forward with evidence demonstrating title to the funds in the accounts (*see generally*, *Sidwell & Co. v Kamchatimpex*, 166 Misc 2d 639). Concur—Rosenberger, J. P., Rubin, Tom and Andrias, JJ.