*493 OPINION OF THE COURT
Doris Ling-Cohan, J.
By order to show cause, plaintiff seeks (1) a temporary restraining order and a preliminary injunction enjoining the payment, transfer or alienation of funds by defendants from a certain account held at Smith Barney, a division of Citigroup Global Markets, Inc., which is located in New York; and (2) a further order granting an attachment of those funds in the amount of $2,592,000. For the reasons set forth below, the court declines to sign this order to show cause.
Temporary Restraining Order/Preliminary Injunction
CPLR 6301 and 6313 (a) allow for the granting of a temporary restraining order pending the hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had. To be entitled to temporary injunctive relief, movant must show: (1) the likelihood of success on the merits; (2) irreparable injury absent granting the injunction; and (3) a balancing of the equities. (W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981].) Irreparable injury has been held to mean an injury for which monetary damages are insufficient. (See James v Gottlieb, 85 AD2d 572 [1st Dept 1981]; Klein, Wagner & Morris v Lawrence A. Klein, P.C., 186 AD2d 631, 633 [2d Dept 1992].)
To be successful, a plaintiff must establish a showing of urgency that the requested temporary relief is needed to protect the status quo, lest the defendant act in such a way as to render the desired final outcome an impossibility. (Building Mgt. Assoc., Inc. v Rivera, NYLJ, Oct. 23, 2002, at 22, col 2 [Sup Ct, Bronx County].) Temporary restraining orders are drastic remedies and should be used sparingly. (67A NY Jur 2d, Injunctions § 57; Grumet v Cuomo, 162 Misc 2d 913, 929 [Sup Ct, Albany County 1994]; Bisca v Bisca, 108 Misc 2d 227 [Sup Ct, Nassau County 1981].)
Here, as further detailed below, plaintiff has failed in the moving papers to meet the standard for injunctive relief. Additionally, as detailed below, this court lacks jurisdiction to grant the requested relief.
Order of Attachment
“The provisional remedy of attachment is, in part, a device to secure the payment of a money judgment.” (Cooper v Ateliers de la Motobecane, 57 NY2d 408, 413 [1982] [citation omitted].) The *494 grounds for the issuance of an attachment order are set forth in CPLR 6201, which provides in pertinent part as follows:
“An order of attachment may be granted in any action . . . where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
“1. The defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state . . .
A plaintiff seeking an order of attachment must demonstrate (1) the existence of one or more grounds of attachment under CPLR 6201; (2) a cause of action; and (3) a probability of success on the merits. (Considar, Inc. v Redi Corp. Establishment, 238 AD2d 111 [1st Dept 1997].) As stated by Professor Siegel, in a motion for an attachment:
“The proof must establish to the court’s satisfaction that . . . the plaintiff will succeed on the merits
“When CPLR 6212 (a) requires the plaintiff to show that it is ‘probable’ that the action will succeed on the merits, it means that there must be something in the proof stronger than the mere prima facie case that could satisfy as a pleading . . . ‘What is sufficient for a pleading may be insufficient for attachment’ said Judge Cardozo in Zenith Bathing Pavilion, Inc. v Fair Oaks S.S. Corp [240 NY 307 (1925)], which well illustrates the point that for an attachment there must be evidentiary detail stronger than the summary and conclusory allegations that suffice today in a pleading.” (NY Prac § 316, at 504-505 [4th ed].)
In addition, where the only basis of jurisdiction is the property sought to be attached, such property must have a relationship to the cause of action, in order to provide the court with quasi-in-rem jurisdiction. (See Shaffer v Heitner, 433 US 186 [1977].)
As set forth in detail below, plaintiff has failed to sustain her burden of proof for an order of attachment and has failed to establish sufficient ties with the State of New York for this court to exercise quasi-in-rem jurisdiction. (Cf. Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65 [1984].)
Plaintiff and defendants are all nondomiciliaries of New York. Plaintiff is an attorney authorized to practice law in Venezuela *495 and resides in Florida. Defendant Loaiza Bigott & Associates is a law firm with offices in Venezuela. Defendant Esther Bigott De Loaiza is alleged to be the vice-president of the law firm, a resident and citizen of Venezuela, and authorized to practice law in Venezuela.
Plaintiff claims to have entered into an agreement with defendants, pursuant to which she agreed to provide defendants with professional legal services in connection with matters being handled by defendants on behalf of the Venezuelan Government in Ohio, Switzerland and other foreign courts, for which defendants were to pay her 14.4% of the fees received by defendants from the Venezuelan Government. Plaintiff asserts that the Venezuelan Government paid defendants $18,000,000. Plaintiff alleges that, although she provided services pursuant to the contract, she was not paid the full amount owed, which she calculates to be approximately $2,592,000.
Plaintiff asserts that the only connection the parties have to New York is the account she seeks to have attached. Plaintiff fails, however, to establish that such account is in fact property within the State of New York and that such account is related to plaintiffs underlying claims, in order for this court to obtain quasi-in-rem jurisdiction. (See Shaffer v Heitner, 433 US at 213.)
Plaintiff claims that she provided assistance in setting up the account so that the Venezuelan Government could directly deposit payments for the legal services provided by defendants in connection with the foreign actions and that she arranged payment to United States counsel from the account. There is no claim that plaintiff or defendants ever traveled to New York as part of the contract. Beyond a mere conclusory claim that she assisted setting up the account, plaintiff has provided no specific details; nor has she provided any documents to show that she set up the account as part of the services she has rendered or, indeed, that such account is even owned by defendants or related to any underlying action in any way. The agreement entered into by the parties does not refer to the subject account, nor any other account. Additionally, no documentation has been provided to show that the branch at which the account is maintained is in New York, or elsewhere.
It is notable that, while plaintiff describes the account as a “New York account,” and lists a specific address, 590 Madison Avenue, New York, New York 10022, she fails to explain whether the account was specifically opened up at that New York branch *496 by her and defendants. The court notes that the Smith Barney Web site lists 54 Smith Barney branches in plaintiffs resident state, Florida.[1] Additionally, the Smith Barney branch at 590 Madison Avenue is not Smith Barney’s or its parent company’s (Citigroup Global Markets, Inc.) corporate headquarters.[2] Presumably, Smith Barney accounts can be opened at any branch and accessed from anywhere. The fact that plaintiff is ambiguous about why 590 Madison Avenue is the listed “address” for the account raises questions as to the appropriateness of this court exercising jurisdiction. Based on the cursory facts presented to the court and the complete absence of substantiation through any documentation, there is no basis for this court to exercise quasi-in-rem jurisdiction.
Plaintiff’s reliance on Banco Ambrosiano v Artoc Bank & Trust (62 NY2d 65 [1984]) as a basis for this court to exercise quasi-in-rem jurisdiction is misplaced. In Banco, which involved a loan between foreign banks, the Court of Appeals stated that “[t]he dictates of due process are not offended by requiring [defendant] to defend this claim in New York, as it has maintained a significant connection with the State and undertaken purposeful activity here.” (Id. at 73 [citations omitted].) Unlike the defendants herein, Banco involved a defendant who “maintained a significant connection to the State” and had “undertaken purposeful activity” in New York, including using the New York account at issue regularly to accomplish its international banking business, issuing memoranda directing plaintiff to deposit sums it had been loaned to defendant’s New York account, and which required repayment to be made to plaintiff’s account with its New York correspondent bank. (Id.) “[W]ith respect to performance of the agreement which forms the basis for [plaintiffs] claim, [defendant] not only directed that the funds be deposited in its New York account, but it also agreed to repay these amounts ... to [plaintiff’s] New York account.” (Id.) Thus, the subject account was the very account through which defendant effectuated the transaction at issue, and was sufficient to provide quasi-in-rem jurisdiction in the action. Moreover, the account at issue was with defendant’s “New York correspondent bank.” (Id. at 69.)
*497 Here, the agreement which forms the basis for plaintiff Silvestre’s claim does not direct that the funds be deposited in a New York account owned by defendants; nor does the agreement evidence that defendants agreed to pay sums into a New York account. Indeed, the words “New York” are not even in the agreement. In fact, based on the record before this court, there appears to be no purposeful activity by defendants related to New York and a questionable connection of an alleged “New York” account belonging to defendants, with no documentation provided to support such conclusory claim. “These factors — the relationship between the cause of action and the property, the activities to be performed in New York under the parties’ agreement and [defendant’s] other ties with New York — combine to render the exercise of quasi-in-rem jurisdiction appropriate in this case.” (Banco, 62 NY2d at 73.) The factors deemed relevant by the court in Banco are absent here. Thus, the exercise of quasi-in-rem jurisdiction would be inappropriate in this case as it would offend the “dictates of due process” to require defendants to defend this case in New York. (Id.)
Furthermore, in the case at bar, it is undisputed by plaintiff that the agreement between the parties has a forum selection clause (agreement in Spanish attached as exhibit 1, agreement translated in English attached as exhibit 2; attached to affidavit of plaintiff Claudia Silvestre). The relevant clause provides:
“THIRTEEN CLAUSE: JURISDICTION
“The present contract will be governed and interpreted pursuant to the regulatory and normative and legislation of the Bolivarian Republic [of] Venezuela. Any deviation or controversy that could arise concerning the interpretation or execution of the present contract, will be decided by the Tribunals of the Bolivarian Republic of Venezuela, pursuant to its legislation and other normative in force.”
The use of the words “will be decided” indicates that such forum selection clause is mandatory rather than permissive. In fact, plaintiff concedes: “The Agreement is governed by Venezuelan law, and the parties have agreed to the jurisdiction of the courts of Venezuela to resolve disputes arising from the Agreement.” (Affidavit of plaintiff para 7.)
By attempting to bring this proceeding in this court, plaintiff seeks to avoid the forum selection clause, agreed to by both sides, and force defendants to litigate this matter in New York, merely because defendants allegedly have an account at Smith *498 Barney, which may or may not have been opened in the State of New York.
As stated by the Appellate Division, First Department, in British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg (172 AD2d 234, 234 [1st Dept 1991]):
“It is well-accepted policy that forum-selection clauses are prima facie valid. In order to set aside such a clause, a party must show that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court. (The Bremen v Zapata Off-Shore Co., 407 US 1, 12-18; RokebyJohnson v Kentucky Agrie. Energy Corp., 108 AD2d 336, 339-341; Di Ruocco v Flamingo Beach Hotel & Casino, 163 AD2d 270.)”
Here, the contractual provision designating Venezuela as the venue for any disputes is clear and unambiguous. Plaintiff and defendants are lawyers, presumed to know the contents of what they signed, and there is no allegation of any fraud with respect to the jurisdictional provision.
The cases cited by plaintiff do not support the drastic relief sought in that none involve a forum selection clause, as is the case herein. Furthermore, even absent the mandatory forum selection clause, as explained previously, this court is not persuaded that quasi-in-rem jurisdiction exists, and that an order of attachment should be provided to plaintiff, particularly on the limited record before this court.
Moreover, even if there were sufficient contacts for this court to exercise quasi-in-rem jurisdiction, this would be an appropriate case to decline to retain jurisdiction based on forum non conveniens. Although a New York court may have jurisdiction, it is not compelled to retain jurisdiction if the claim has no substantial nexus with New York. (Silver v Great Am. Ins. Co., 29 NY2d 356 [1972].) The question of whether jurisdiction should be retained involves a balancing of factors including the difficulties for defendant in litigating the claim in this state, the burden on the New York courts in entertaining the suit and the availability of another more convenient forum in which plaintiff may obtain redress. (Id. at 361.) Indeed, here, there is another forum “which will best serve the ends of justice and the conve *499 nience of the parties” (id.); the parties have already chosen such forum, Venezuela, pursuant to the express terms of their agreement.
Accordingly, the relief sought is denied in its entirety, given that plaintiff has failed to show a likelihood of success, much less the higher standard of “a probability of success” pursuant to CPLR 6201, of her action prevailing in New York, given the lack of jurisdiction and the mandatory forum selection clause provided in the parties’ agreement. Plaintiff can seek redress in Venezuela, as contemplated by the parties in their agreement.

. See <http://www.fa.smithbarney.com/locate/branch_results.cfm? page=branches&state=FL>.

. See <http://www.fa.smithbarney.com/locate/branch_results.cfm? page=branches&state=NY>; <http://www.en.wikipedia.org/wiki/Citigroup>.