■ REED SMITH LLP, Plaintiff, v LEED HR, LLC, Appellant, and SANDS BROTHERS VENTURE CAPITAL II, LLC, et al., Respondents, et al., Defendants. [67 NYS3d 9]—

Order, Supreme Court, New York (Charles E. Ramos, J.), entered June 13, 2016, which granted defendants-respondents' motion to attach certain stock certificates deposited with the court in this interpleader action, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of increasing the amount of the undertaking to $100,000, and otherwise affirmed, without costs.

A plaintiff seeking an order of attachment must show the probability of its success on the merits of its cause of action, that one or more grounds for attachment provided for in CPLR 6201 exist, and that the amount demanded from the defendant, exceeds all counterclaims known to the plaintiff (CPLR 6212 [a]).

Defendants-respondents demonstrated their probability of success on the merits of their fraudulent conveyance cross claim, by submitting considerable evidence of a far-reaching fraudulent scheme, whereby the assets of their debtor, O2HR LLC, were moved through a series of entities before being used to purchase the shares at issue (*see DLJ Mtge. Capital, Inc. v Kontogiannis*, 110 AD3d 522 [1st Dept 2013]; Debtor and Creditor Law §§ 276, 278; *see also* Ky Rev Stat Ann § 378A.040). Fair consideration was not given in exchange for the shares (*see Commodity Futures Trading Commn. v Walsh*, 17 NY3d 162, 175 [2011]; *Sardis v Frankel*, 113 AD3d 135, 141-142 [1st

Dept 2014]; Debtor and Creditor Law § 272 [a]). Defendant LEED HR, LLC has not shown that it actually paid for the shares; even if it did pay all or part of the recited purchase price, it paid far below the market price for the shares. The prior transfers of O2HR's assets and of the shares were supported by either no consideration or insufficient consideration.

Respondents have also shown their likelihood of success on the merits of their claims for unjust enrichment and equitable restitution (*Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007] ["(t)he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered"]).

Two grounds under CPLR 6201 are met here. First, LEED is a Kentucky limited liability company not qualified to do business in New York (*see Hotel 71 Mezz Lender LLC v Falor*, 14 NY3d 303, 310 [2010]; *Considar, Inc. v Redi Corp. Establishment*, 238 AD2d 111 [1st Dept 1997]; CPLR 6201 [1]). Second, respondents have established that, through a fraudulent scheme, O2HR's assets have been secreted in a concerted effort to defraud them or to frustrate the enforcement of a judgment that might be rendered in their favor (*see e.g. DLJ Mtge. Capital, Inc.*, 110 AD3d at 522; CPLR 6201 [3]).

The remaining elements for an attachment have been met. However in the exercise of our discretion we increase the amount of the undertaking as noted (CPLR 6212 [b]). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.