| Salazar v Meloul |
|:---:|
| 2025 NY Slip Op 30100(U) |
| January 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154280/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. PAUL A. GOETZ</u>                   PART                    47

*Justice*

-----------------------------------------------------------------------X

MARLON SALAZAR,

                           Plaintiff,

                        - v -

GABRIEL MELOUL, SAMUEL MELOUL

                        Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154280/2024 |
| MOTION DATE | 07/18/2024 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 29, 30, 31, 32, 34

were read on this motion to/for          <u>ORDER OF ATTACHMENT</u>          .

In this fraud action arising from plaintiff's investment in a business venture, plaintiff seeks, pursuant to CPLR §§ 6201(1), 6201(3), and 6212, attachment of four properties owned by defendant Gabriel Meloul (Gabriel) as security for the judgment plaintiff seeks to recover.

## BACKGROUND

In 2013, plaintiff became acquainted with Gabriel, who rented one of the properties plaintiff managed; in 2016, plaintiff met Gabriel's brother, defendant Samuel Meloul (Samuel), and the two developed a friendship (NYSCEF Doc No 1, ¶ 9-13). In 2018, after plaintiff intimated that he was seeking to invest his savings in an entrepreneurial venture, Samuel asked if he wanted to invest with Gabriel in a real estate venture, but plaintiff declined (*id*, ¶14-16). Plaintiff alleges that "at some point thereafter, [defendants] devised a scheme to induce him to furnish his savings to them under the auspices of a sham investment opportunity" (*id*, ¶ 17).

In late 2020, defendants allegedly made repeated misrepresentations regarding a Canadian cannabis venture (the venture), which led plaintiff to invest (*id*, ¶ 16-19). On January 13, 2021, plaintiff wired $200,000 from his New York bank account to a Canadian bank account

**154280/2024   SALAZAR, MARLON vs. MELOUL, GABRIEL ET AL**                   **Page 1 of 6**
  **Motion No.  001**

1 of 6

as instructed by defendants (*id*, ¶23). Thereafter, defendants gradually ceased responding to plaintiff's messages and calls. Plaintiff alleges that he never received any share certificates or other corporate documents reflecting his purchase of securities, or formation or subscription documents of the venture, nor was he repaid for his $200,000 investment (*id*, ¶ 24-35).

Plaintiff alleges that defendants made six material misrepresentations, stating that: (i) the venture had acquired land in Canada to construct a production facility; (ii) Gabriel had significant and substantial experience founding successful ventures (*id*, ¶ 21 [Gabriel stating in an email dated December 16, 2020 that he "has managed investments worth hundreds of millions of dollars across north America"]); (iii) the venture had secured commitments from experienced co-founders/collaborators to help navigate the industry (*id*, ¶ 21 [stating that the team had "50 years of agriculture experience and 20 years of Cannabis Cultivation"]); (iv) the requisite operational licenses and regulatory approvals were assured; (v) Samuel would be directly and continuously involved in the management of the business; and (vi) defendants generally intended to create and operate a bona fide business venture (*id*, ¶ 19).

## DISCUSSION

"A plaintiff seeking an order of attachment must show the probability of its success on the merits of [their] cause of action, that one or more grounds for attachment provided for in CPLR 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff (CPLR 6212[a])" (*Reed Smith LLP v LEED HR, LLC*, 156 AD3d 420, 420 [1st Dept 2017]). "Although evidentiary facts making out a prima facie case must be shown, plaintiff must be given the benefit of all legitimate inferences and deductions that can be made from the facts stated" (*Considar, Inc. v Redi Corp. Establishment*, 238 AD2d 111, 111 [1st Dept 1997]).

**154280/2024 SALAZAR, MARLON vs. MELOUL, GABRIEL ET AL**
**Motion No. 001**

**Page 2 of 6**

[* 2]

### i. *Probability of Success on the Merits*

"Probability of success on the merits for purposes of an order of attachment requires that the moving party demonstrate that it is more likely than not that it will succeed on [their] claims and must show proof stronger than that required to make a prima facie case" (*In re Firestar Diamond, Inc.*, 657 BR 730, 746 [Bankr SDNY 2024]). "The elements of fraud are 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (*Genger v Genger*, 152 AD3d 444, 445 [1st Dept 2017], quoting *Lama Holding Co. v Smith Barney Inc.*, 88 NY2d 413, 421 [1996]).

Here, plaintiff has "demonstrate[d] [his] probability of success on the merits of" his fraud claims "by submitting considerable evidence of" (*Reed Smith*, 156 AD3d at 420) defendants' alleged misrepresentations, along with the fact that he was not provided with share certificates or other documents certifying the investment, or documents showing the formation or subscription of the venture (NYSCEF Doc No 34, 3). The absence of these documents is sufficient, "on this prediscovery … motion, to plead that" defendants knew that the misrepresentations were false and they made them to induce plaintiff's investment (*William Doyle Galleries, Inc. v Stettner*, 167 AD3d 501, 504 [1st Dept 2018] ["actual knowledge need only be pleaded generally … particularly at the prediscovery stage, [since] a plaintiff lacks access to the very discovery materials which would illuminate a defendant's state of mind. Participants in a fraud do not affirmatively declare to the world that they are engaged in the perpetration of a fraud"]). Here, without the formation and subscription documents, it is unclear whether a venture was formed and operating at the time of investment; and without the share certificate, it is unclear whether

**154280/2024  SALAZAR, MARLON vs. MELOUL, GABRIEL ET AL**
**Motion No.  001**

**Page 3 of 6**

plaintiff's payment was indeed invested in the venture. Further, plaintiff has sufficiently pleaded that he decided to invest and wired the money to defendants in reliance on their misrepresentations, and that he was damaged by their misrepresentations.

### ii. CPLR 6201 Ground(s)

Plaintiff seeks attachment pursuant to CPLR §§ 6201, which provides that a plaintiff is entitled to an attachment order if "the defendant is a nondomiciliary residing without the state" (CPLR § 6201[1]), or "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts" (CPLR § 6201[3]).

CPLR § 6201(1) is met here. Although Gabriel "resided in New York State for nearly a decade starting in the 2010s," "owns three properties in New York State," and travels to and visits New York City regularly (NYSCEF Doc No 32), this does not demonstrate that he currently has a residence in New York (*compare Fritch v Bron*, 73 Misc3d 860, 861-862 [Suffolk Co SC 2021] [plaintiff alleges that defendant is a nondomiciliary residing in Florida, but defendant "submitted an affidavit in which he avers that he resides in Suffolk County and works in New York City"]; *see also Rayo v Vitale*, 38 Misc3d 1211[A] [Kings Co SC 2012] ["although defendant Vitale's primary residence is in Florida, he has submitted an affidavit in which he avers that he also maintains a residence and works in a real estate office in Staten Island"]). It is undisputed that defendant currently resides in New Jersey and not New York, and thus, the requirement of CPLR § 6201(1) is satisfied.[1]

---

[1] However, plaintiff failed to establish that CPLR § 6201(3) applies. Plaintiff himself confirms that "the property has not been conveyed" (NYSCEF Doc No 11, ¶ 27, 31, 33) and he does not provide any evidence that Gabriel is likely to assign, dispose of, encumber, or secret the properties (*Cyngiel v Krigsman*, 192 AD3d 762, 763 [2nd Dept 2021] ["Affidavits containing allegations raising a mere suspicion of an intent to defraud are insufficient. It must appear

**154280/2024   SALAZAR, MARLON vs. MELOUL, GABRIEL ET AL**          **Page 4 of 6**
  **Motion No.  001**

4 of 6

[* 4]

### iii. The Amount Demanded from Defendants Exceeds All Counterclaims Known to Plaintiff

Here, the "potential recovery on [plaintiff's] claims exceeds any counterclaims from defendants (*see* CPLR 6212 [a])" (*Halse v Hussain*, 193 AD3d 1140, 1141 [3rd Dept 2021]), as defendants have not set forth any counterclaims against plaintiff.

### iv. Out-of-State Property

Plaintiff is entitled to an order of attachment pursuant to CPLR § 6201(1). However, among the four properties plaintiff seeks to be attached, one is located in New Jersey, and "prejudgment attachment is typically based on jurisdiction over property" *(Koehler v Bank of Bermuda Ltd.*, 12 NY3d 533, 537 [2009]). While the Court of Appeals held that "a court with personal jurisdiction over a nondomiciliary present in New York has jurisdiction over that individual's tangible or intangible property, even if the situs of the property is outside New York" (*Hotel 71 Mezz Lender LLC v Falor*, 14 NY3d 303, 312 [2010]), the First Department later clarified: "*Hotel 71 Mezz Lender LLC* [] is distinguishable [in that it] involved uncertificated ownership/membership interests in limited liability companies and a corporation, which could be attached by serving the manager of the entities in New York. By contrast, a sheriff levies on real property by filing with the clerk of the county in which the property is located a notice of attachment (CPLR 6216)" (*JSC VTB Bank, etc. v Mavlyanov*, 154 AD3d 560, 561-62 [1st Dept 2017] [internal citation and quotation marks omitted]). Since the out-of-state property here is real property, *Hotel 71 Mezz Lender LLC* does not apply, and the New Jersey property will be excluded from the attachment order.

---

that such fraudulent intent really existed in the defendant's mind."] [internal citations omitted]) Nevertheless, plaintiff only need show one basis for attachment under CPLR § 6201, and he has done so.

**154280/2024   SALAZAR, MARLON vs. MELOUL, GABRIEL ET AL**          **Page 5 of 6**
**Motion No.  001**

[* 5]

5 of 6

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion for an order of attachment is granted; and it is further

ORDERED that the attachment is in effect as of the date of this order; and it is further

ORDERED that the amount to be secured by this order of attachment, inclusive of probable interest, costs, and Sheriff's fees and expenses, shall be $200,000; and it is further

ORDERED that the undertaking of $500.00 posted by plaintiff shall remain in place; and it is further

ORDERED that the Sheriff of Orange County of the State of New York shall levy within their jurisdiction, at any time before final judgment, upon such real property in which defendants have an interest and upon such debts owing to defendants as will satisfy $200,000, together with probable interest, costs, and the Sheriff's fees and expenses, the following real properties: 44 Sussex Street, Port Jervis, New York, NY 12771; 16 Airport Road, Port Jervis, New York, NY 12771; and 24 Airport Road, Port Jervis, New York, NY 12771; and that the Sheriff proceed herein in the manner and make their return within the time prescribe by law.

20250113155125PG0ETZ3E09153E59174708AE06E601AAA4BBF4

| **1/13/2025** | | **PAUL A. GOETZ, J.S.C.** |
| --- | --- | --- |
| **DATE** | | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154280/2024   SALAZAR, MARLON vs. MELOUL, GABRIEL ET AL**          **Page 6 of 6**
**Motion No.  001**

[* 6]

6 of 6