■ YORGOS ANAGNOSTOU et al., Appellants, v NIKI STIFEL et al., Respondents. [611 NYS2d 525] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered on or about November 13, 1992, which, *inter alia,* granted the motion by defendants Niki Stifel and Sylvia de Cuevas to dismiss the action or stay all proceedings on the ground of forum non conveniens to the extent of staying the action pending the outcome of litigation to be commenced by plaintiffs in Greece, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion denied, without costs.

Generally, " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed' " *(Waterways Ltd. v Barclays Bank,* 174 AD2d 324, 327, quoting *Gulf Oil Corp. v Gilbert,* 330 US 501, 508). In this case, contrary to the IAS Court, we find that defendants did not meet their heavy burden of demonstrating that plaintiffs' selection of New York as the forum for the within litigation is not in the interest of substantial justice *(see, Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65, 74; CPLR 327 [a]).

Initially, we note that defendants have a particularly high burden to carry in light of the substantial delay in not raising their argument that New York is an inappropriate forum until three years had elapsed from commencement of the action and only after a significant degree of activity had already taken place, including defendants' unsuccessful motion for summary judgment and the commencement of discovery *(see, ABKCO Indus. v Lennon,* 52 AD2d 435, 441).

Furthermore, we find that a number of relevant factors militate in favor of permitting plaintiffs to proceed in the forum of their choice. First, the six paintings by Andy Warhol which are the subject of this dispute are located in New York. Indeed, the paintings have already been subjected to a preliminary injunction issued by the IAS Court in this action prohib-

iting defendants from removing the paintings from New York or otherwise disposing of them.

Moreover, the moving defendants are New York domiciliaries and the decedent's estate, the nominal owner of the paintings, is being administered in New York. While the plaintiffs themselves are Greek residents and apparently do not speak English, neither of these facts renders it more difficult for defendants to proceed in New York.

We also note that the courts of New York are frequently called upon to apply the law of foreign jurisdictions and, should the necessity arise, will be fully capable of applying Greek law.

Finally, the likely presence of witnesses to the subject events in Greece, while a significant factor *(see, Avnet, Inc. v Aetna Cas. & Sur. Co.,* 160 AD2d 463), does not automatically override plaintiffs' choice of forum, particularly where defendants have failed to come forward with the names or potential testimony of such witnesses or any basis, other than sheer speculation, to believe that any such testimony will be unobtainable in New York *(see, Moschera v Muraca,* 148 AD2d 591). Concur—Rosenberger, J. P., Ellerin, Rubin, Nardelli and Williams, JJ.