■ OLBI USA, INC., Appellant, v ANDRE AGAPOV, Respondent, et al., Defendants. [724 NYS2d 839] —Order, Supreme Court, New York County (Barry Cozier, J.), entered July 25, 2000, which both denied plaintiff's motion for an order of attachment pursuant to CPLR 6201 *et seq.*, and vacated a temporary restraining order which had restrained defendant Andre Agapov from transferring any assets, unanimously reversed, on the law, with costs, and the motion for an order of attachment granted.

The motion court erred in finding that plaintiff failed to present a prima facie case for an order of attachment. To the contrary, the verified complaint and the submissions on the motion, when coupled with the requisite assumptions and standard of proof (*see, Swiss Bank Corp. v Eatessami*, 26 AD2d 287, 290-291; *Considar, Inc. v Redi Corp. Establishment*, 238 AD2d 111), sufficiently set forth and substantiated each element necessary to establish plaintiff's entitlement to the order (CPLR 6212, 6201), including plaintiff's likelihood of success on the merits, defendant Andre Agapov's non-domiciliary status, and that the amount demanded by plaintiff exceeded all counterclaims against it. We also find that a substantial relationship exists between the New York property to be attached and plaintiff's claim, sufficient to support the assertion of quasi-in-rem jurisdiction (*see, Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 72-73). Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.