■ Sabby H. Mionis et al., Appellants, v Bank Julius Baer & Co., Ltd., et al., Respondents. [780 NYS2d 323]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 17, 2003, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint on the ground of forum non conveniens, pursuant to CPLR 327 (a), on condition that defendants submit to the jurisdiction of the courts in Greece and that such courts accept jurisdiction, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion denied and the complaint reinstated.

This action to recover damages for libel, intentional infliction of emotional distress, and tortious interference with contract and prospective business relations arises out of a letter, allegedly sent by defendants, to the Greek Ministry of Finance, Economic Crime Prosecution Department, accusing plaintiffs and certain of their clients of being "Greek money-launderers (tax evasion)," of which charges the Greek authorities subsequently exonerated them. On a prior appeal (301 AD2d 104 [2002]), we reversed the order staying the action and compelling mediation and, if necessary, arbitration. Thereafter, defendants sought dismissal of the action on the ground of, inter alia, forum non conveniens.

Plaintiff Capital Management Advisors Ltd. (CMA) is a Bahamian corporation based in Switzerland and Luxembourg, and is controlled by plaintiff Sabby H. Mionis, a Greek citizen who resides in Switzerland and Israel, and spends significant amounts of time in the United States and various European countries; he has not resided in Greece since 1988, and he does not own or rent any property there or maintain any assets or bank accounts there. Many investors in plaintiffs' mutual funds are Greek citizens living in Greece.

Defendant Bank Julius Baer & Co., Ltd. (Bank JB) is a Swiss bank with numerous branches, including one in New York. Defendant Julius Baer Trust Company (Cayman) Ltd. is an affiliate, organized under the laws of the Cayman Islands, where it maintains its principal place of business. The individual defendants are former employees of Bank JB and are New York residents.

In 1998, plaintiffs engaged the Julius Baer entities to provide administrative and "back office" services for CMA's investment

funds, which services were overseen by the individual defendants. Tensions quickly arose between the parties, the relationship was terminated, and shortly thereafter the Greek authorities launched an investigation into plaintiffs and their clients, allegedly triggered by the offending letter. Although plaintiffs were essentially cleared of wrongdoing, they claim loss of reputation and business.

Supreme Court improvidently exercised its discretion in conditionally dismissing the action on the basis of forum non conveniens. Although defendant companies are foreign, they have a New York branch, and the individual defendants are New York residents; the individual plaintiff, though a Greek citizen, has not resided in Greece since 1988. While defendants contend that most of the nonparty witnesses who will testify concerning plaintiffs' reputation are Greek, plaintiffs assert that there are many witnesses who reside in the United States, Switzerland, Portugal and Israel, as well as Greece. Moreover, plaintiffs' medical witnesses and records, pertinent to the claim for intentional infliction of emotional distress, are located in New York, and plaintiffs' employees and business documents are located in Switzerland, Luxembourg and Ireland, although some business records may still be in the possession of the Greek authorities. In any event, any hardship in bringing witnesses or documents to New York would be minimal, since both parties consist, at least in part, of multinational corporations with ample resources (see *Intertec Contr. A/S v Turner Steiner Intl., S.A.*, 6 AD3d 1 [2004]). The fact that some documentary and testimonial evidence will have to be translated from Greek into English does not render it more difficult for defendants to proceed in New York, and the courts of this state are fully capable of applying Greek law, should such law be found governing in this case (see *Anagnostou v Stifel*, 204 AD2d 61, 62 [1994]).

Although defendants' prior motion to compel arbitration in New York is not dispositive, it is a significant factor to which Supreme Court failed to give sufficient weight (see *Hadjioannou v Avramides*, 40 NY2d 929, 931 [1976]). Conversely, Supreme Court placed too much emphasis on the fact that the majority of the circumstances surrounding the alleged torts occurred in Greece (see *Amlon Metals, Inc. v Liu*, 292 AD2d 163, 164 [2002]). Defendants' heavy burden of demonstrating that plaintiffs' forum selection for litigation is not in the interest of substantial justice, which burden remains despite plaintiffs' status as nonresidents (see *Anagnostou*, 204 AD2d at 61), has not been met, particularly since defendants previously argued that New York is an appropriate forum, albeit in an arbitral context.

Concur—Buckley, P.J., Tom, Mazzarelli, Sullivan and Ellerin, JJ.