■ BRASPETRO OIL SERVICES COMPANY, Appellant, v UK GUAR-
ANTY & BONDING CORP., LIMITED, Respondent. [796 NYS2d 337]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered January 22, 2004, which, insofar as appealed from, granted defendant's motion to dismiss the action on the ground of forum non conveniens on condition that defendant submit to the jurisdiction of the courts in Brazil and waive any statute of limitations defenses, unanimously affirmed, with costs.

The action is brought against a Bahamian surety company by a Brazilian government agency or instrumentality as obligee on a performance bond executed in Brazil by a Brazilian principal in connection with a construction contract executed in Brazil and performed in Brazil and Singapore. Plaintiff concedes that the action is governed by Brazilian law, and that most of the witnesses and documentary evidence are located in Brazil and Singapore. The only New York contacts claimed by plaintiff were its maintenance of a New York bank account to make payments on the construction contract, and its bidding rules, which required the winner to procure a performance bond containing a clause selecting the United States District Court for the Southern District of New York as the exclusive forum for all disputes related to the bond. Plaintiff concedes that any such clause could not have conferred subject matter jurisdiction on a federal court since neither party is a United States company, and indeed the bond itself contains a forum selection clause that inconsistently permitted legal proceedings in connection therewith to be brought where the work was performed. Even so, plaintiff argues, defendant's acceptance of its bidding rules undermine defendant's claim that New York is an inconvenient forum. We decline to give such weighty effect to an ineffective federal court forum selection clause that does not mention the state courts (cf. Bank of Tokyo-Mitsubishi v Kvaerner, 243 AD2d 1, 5 [1998]), and where the balance of relevant factors, in addition to and apart from the potential hardship on defendant,

weigh so strongly in favor of Brazil (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). Concerning the bank account, the issues herein appear to relate almost entirely to the performance of the contractors, not the payments to them. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.