■ BANK HAPOALIM (SWITZERLAND) LTD., Appellant, v BANCA INTESA S.P.A., Respondent. [810 NYS2d 172]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered February 4, 2005, which granted defendant's motion to dismiss the complaint on the grounds of forum non conveniens, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated. Appeal from order, same court and Justice, entered June 13, 2005, denying plaintiff's motion to renew, unanimously dismissed, without costs, as academic in view of the foregoing.

"The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Among the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which the plaintiff may bring suit. The court "may also" consider that both parties to the action are nonresidents and that the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction. (*Id.*)

No one factor is controlling since the great advantage of the doctrine of forum non conveniens is its flexibility based on the facts and circumstances of each case. As this Court has recently reiterated, a defendant's "heavy burden" remains despite the plaintiff's status as a nonresident (*Mionis v Bank Julius Baer & Co., Ltd.*, 9 AD3d 280, 282 [2004]; *Anagnostou v Stifel*, 204 AD2d 61 [1994]).

The motion court, in stating that a nonresident bears the burden of showing special circumstances that warrant retention of jurisdiction, incorrectly shifted this burden. In doing so, it improperly relied upon a Third Department case that articulated such a burden, and upon a plain misreading of the Court of Appeals holding in *Pahlavi*.

Pahlavi says nothing about shifting the burden where a nonresident plaintiff is involved. It merely says that nonresidence is one of several factors to be considered.

The Third Department case cited by the motion court (*Mensah v Moxley*, 235 AD2d 910 [1997]), does state that a nonresident has the burden of showing special circumstances to warrant retention of jurisdiction. *Mensah* relied upon another case from that department stating that "in tort cases, the plaintiff must demonstrate 'that special circumstances warrant the retention of the action in New York' " (*Blais v Deyo*, 92 AD2d 998, 999 [1983] [citation omitted], *affd* 60 NY2d 679 [1983]). *Blais*, in turn, relied solely on Dean (now Judge) McLaughlin's McKin-

ney's Practice Commentaries for that proposition. It is true that *Blais*, the Practice Commentaries and the above "special circumstances" rule have all been recently cited with approval by this Court (*Economos v Zizikas*, 18 AD3d 392, 393 [2005]).* However, any departure from the rule articulated in *Pahlavi* should be restricted to the transitory motor vehicle accident type of cases involved in *Blais*, *Mensah* and *Economos*.

Finally, the motion court was also incorrect in ascribing little or no significance to the New York forum selection clause in the notes and guarantees, since such a clause is prima facie enforceable unless shown to be unreasonable (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C327:4, at 400 [2001 ed]; *compare Braspetro Oil Servs. Co. v UK Guar. & Bonding Corp., Ltd.*, 18 AD3d 291 [2005]).

Multiple factors dictate adherence to the *Pahlavi* standard and retention of the case in New York, among them, the role of defendant's New York branch and its senior personnel, the Parmalat bankruptcy litigation in the Southern District of New York, and the discovery available through the New York branch. Concur—Saxe, J.P., Marlow, Williams, Catterson and Malone, JJ.

* This Court's decision cited the Practice Commentaries as they were cited in the 1983 *Blais* decision, as McLaughlin's statement does not appear in the current version of the Practice Commentaries.