■ ANNA JONES et al., Respondents, v EON LABS, INC., Appellant. [841 NYS2d 558]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 8, 2007, which denied defendant's motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, with costs.

Defendant's motion, made some two years after the commencement of this action, and after significant progress in discovery, was untimely (*see Anagnostou v Stifel*, 204 AD2d 61 [1994]; *Corines v Dobson*, 135 AD2d 390, 392-393 [1987]). Defendant's purported excuse for waiting to assert this motion until codefendant Pfizer, Inc. had been dismissed from the case is unpersuasive. Pfizer's alleged substantial connections to New York did not alter any of the purported inconveniences that defendant now asserts, and defendant has not demonstrated that Pfizer's connections to New York were any more substantial than its own. Moreover, defendant has failed to carry its burden of demonstrating that its inconvenience strongly favors removal of this action to Virginia (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286 [2006]; *Corines*, 135 AD2d at 391). While many witnesses do appear to reside in Virginia, the very discovery statute cited by defendant (Va Code Ann § 8.01-411), through which it would assertedly be forced to operate to obtain depositions and other discovery, provides a simplified procedure. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.