■ AMERICAN BANKNOTE CORPORATION et al., Respondents, v HERNAN DANIEL DANIELE et al., Appellants. [845 NYS2d 266]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 2, 2006, which, to the extent appealed from, denied defendants' motion to dismiss on grounds of forum non conveniens, granted plaintiffs leave to take jurisdictional discovery and ordered an evidentiary hearing on the jurisdictional issue, affirmed, with costs. Orders, same court and Justice, entered August 16 and September 12, 2006, which granted plaintiffs' respective motions for an extension of time to serve the summons and complaint and for an order of attachment, affirmed, with costs.

The motion court properly denied defendants' motion to dismiss for forum non conveniens after considering the relevant factors (see *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286, 287 [2006]). Factors militating in favor of permitting plaintiffs to proceed in New York include that the relevant documents are in English and located in New York or New Jersey, key witnesses who conducted the forensic investigation that brought to light defendants' alleged wrongdoing reside in the New York metropolitan area, and other witnesses who will testify concerning defendants' impropriety are located in the United States, France, and India, making an Argentine forum no more convenient for these witnesses than New York. Further, New York is, plaintiffs contend, where defendant Daniele met with plaintiffs on a regular basis, where, during such meetings, he made false representations and false assurances regarding the status of Transtex's operations, and where defendants' bank accounts, allegedly a central part of the claimed fraudulent scheme and the means to siphon money stolen from plaintiffs, are located. Given these allegations, defendants' claims that all relevant witnesses are in Argentina and that all relevant documents, also in Argentina, are in Spanish and would have to be translated if litigated in New York are insufficient to "meet their heavy burden of demonstrating that plaintiffs' selection of New York as the forum for the within litigation is not in the interest of substantial justice" (*Anagnostou v Stifel*, 204 AD2d 61, 61 [1994]; *see also Mionis v Bank Julius Baer & Co., Ltd.*, 9

AD3d 280, 282 [2004]). That the parties in this action are nonresidents, unduly relied upon by the dissent, is one, but only one, factor that may show inconvenience (*Bank Hapoalim*, 26 AD3d at 287). "[A] defendant's 'heavy burden' remains despite the plaintiff's status as a nonresident" (*id.* at 287, quoting *Mionis* at 282, and citing *Anagnostou*). Defendants' assertion that they would experience significant hardship defending this action is mere speculation, given, inter alia, affidavits and documentation alleging that defendants stole more than two million dollars. Contrary to the dissent, in so ruling, we make no assumptions as to the veracity of either party's claims. Further, "[t]he fact that some documentary and testimonial evidence will have to be translated from [Spanish] into English does not render it more difficult for defendants to proceed in New York, and the courts of this state are fully capable of applying [Argentine] law, should such law be found governing in this case" (*Mionis*, 9 AD3d at 282; *see also Intertec Contr. A/S v Turner Steiner Intl., S.A.*, 6 AD3d 1, 6 [2004]).

Plaintiffs' pleadings, affidavits and accompanying documentation made a "sufficient start" to warrant further discovery on the issue of personal jurisdiction (*see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *Edelman v Taittinger, S.A.*, 298 AD2d 301 [2002]). The allegation that defendants used their New York bank account to further their misdeeds may be sufficient to establish long-arm jurisdiction over defendants (*see Indosuez Intl. Fin. v National Reserve Bank*, 98 NY2d 238, 247 [2002]; *Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 72-73 [1984]; *Banco Nacional Ultramarino v Chan*, 169 Misc 2d 182, 188-189 [1996], *affd* 240 AD2d 253 [1997]). In addition, plaintiffs alleged that defendant Daniele traveled to New York to conduct business for plaintiffs, and that he contracted to provide goods for clients in New York. Defendants' denial of these jurisdictional allegations warranted the court's holding in abeyance the motion to dismiss for lack of jurisdiction pending a hearing (CPLR 2218; *see e.g. Matter of Preferred Mut. Ins. Co. [Fu Guan Chan]*, 267 AD2d 181 [1999]).

The court appropriately exercised its discretion in granting plaintiffs an extension of time pursuant to CPLR 306-b to serve the summons and complaint. Plaintiffs demonstrated good cause for the extension by showing that they diligently attempted to serve defendants, and that an extension was warranted in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Lippett v Education Alliance*, 14 AD3d 430 [2005]; *Matthews v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 303 AD2d 327 [2003]).

The court properly found plaintiffs had produced sufficient evidentiary facts demonstrating probable success on the merits to justify an order of attachment (CPLR 6212 [a]; *see Considar, Inc. v Redi Corp. Establishment*, 238 AD2d 111 [1997]; *see also Olbi USA v Agapov*, 283 AD2d 227 [2001]).

We have considered defendants' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Marlow and Malone, JJ.

McGuire, J., dissents in a memorandum as follows: I disagree with the majority's conclusion that Supreme Court properly denied that aspect of defendants' motion seeking dismissal of the complaint on the ground of forum non conveniens. Accordingly, I respectfully dissent.

Plaintiff American BankNote Corporation (ABN) is a Delaware corporation with its principal place of business in New Jersey. Plaintiff ABN South America (ABN SA) is a wholly owned subsidiary of ABN with its principal place of business in New Jersey. Plaintiff Transtex SA (Transtex), a wholly owned subsidiary of ABN, is an Argentine company operating entirely in Argentina.

Plaintiffs commenced this action for breach of fiduciary duty, fraud and misappropriation against defendant Hernan Daniel Daniele, a resident of Argentina and the former president and CEO of Transtex, and his wife, defendant Diana Virginia Fernandez Rosas, for "aiding and abetting" her husband's alleged tortious conduct. According to the complaint, on or about November 1, 2005, plaintiffs discovered that Daniele, with the help of Rosas and other coconspirators, undertook a course of conduct designed to steal plaintiffs' business as well as funds owed to plaintiffs. Specifically, plaintiffs allege, among other things, that defendants created two corporations that compete with plaintiffs' businesses, and that defendants misappropriated, converted or otherwise stole funds belonging to plaintiffs. On the same date that they commenced this action, plaintiffs moved, by order to show cause, for an order of attachment of defendants' property in New York and obtained an order temporarily restraining several bank accounts defendants maintained at Citibank and HSBC.

Defendants cross-moved to dismiss the complaint on the grounds of lack of personal jurisdiction—asserting there was no basis for personal jurisdiction and improper service—and forum non conveniens. Daniele submitted an affidavit in which he averred that he had been in New York only two times, on business trips in December 1999 and July 2005, and that those trips had no connection with plaintiffs' causes of action. Rosas as-

serted that she had never been in New York. In opposition, plaintiffs argued that a basis for personal jurisdiction exists because, according to plaintiffs, defendants used New York bank accounts, including accounts at Citibank and HSBC, to deposit significant amounts of the money they allegedly stole from plaintiffs. With regard to the forum non conveniens issue, plaintiffs relied on the affidavit of Patrick Gentile, executive vice-president and chief financial officer of ABN, who averred that Daniele regularly traveled to New York to conduct business and was in regular contact with ABN personnel in New York and New Jersey. Gentile also asserted that many witnesses involved in the investigation that brought to light defendants' alleged misdeeds reside in the New York metropolitan area.

Supreme Court found that plaintiffs had made sufficient allegations regarding defendants' contacts with New York to warrant a hearing on the issue of whether a basis for exercising personal jurisdiction over defendants existed and ordered jurisdictional discovery to proceed. Thus, the court held in abeyance the first aspect of defendants' cross motion to dismiss pending the hearing. However, Supreme Court concluded that defendants failed to demonstrate that the action should be dismissed on the ground of forum non conveniens, and denied the second aspect of defendants' cross motion.

In my view, even assuming that personal jurisdiction over defendants was obtained, dismissal is warranted because New York is not a convenient forum for this action. "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just" (CPLR 327 [a]). "The doctrine [of forum non conveniens] rests, in large part, on considerations of public policy and . . . our courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York" (*Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972] [internal quotation marks and citation omitted]; *see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478 [1984] ["our courts are not required to add to their financial and administrative burdens by entertaining litigation which does not have any connection with this State"], *cert denied* 469 US 1108 [1985]). The factors a court should consider in evaluating a motion to dismiss on the ground of forum non conveniens include: (1) the burden on the New York courts, (2) the potential hardship to the defendant, (3) the unavailability of an alternative forum in which plaintiff may bring suit, (4) the extent to which the parties to

the action are nonresidents, (5) whether the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction, (6) the location of potential witnesses and any relevant documents, and (7) the potential applicability of foreign law (*see Islamic Republic*, 62 NY2d at 479-480; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 177-178 [2004]; *see also Bewers v American Home Prods. Corp.*, 99 AD2d 949 [1984], *affd* 64 NY2d 630 [1984]; *World Point Trading PTE. v Credito Italiano*, 225 AD2d 153 [1996]).

Here, the causes of action asserted by plaintiffs do not have a "substantial nexus with New York" (*Silver*, 29 NY2d at 361). This dispute is between three related foreign corporations and the former CEO of one of those entities who worked in Argentina. The causes of action arise from conduct occurring principally, if not exclusively, in Argentina (*see Millicom Intl. Cellular v Simon*, 247 AD2d 223 [1998] [order granting motion to dismiss on forum non conveniens grounds affirmed where, among other things, "the crucial events underlying the action occurred" in foreign country]) and Argentine law will all but certainly apply (*see Satz v McDonnell Douglas Corp.*, 244 F3d 1279 [11th Cir 2001] ["possibility" that District Court would have to apply Argentine law important factor in considering motion to dismiss on grounds of forum non conveniens]; *see also Neuter, Ltd. v Citibank*, 239 AD2d 213 [1997]).[1]

None of the parties are residents of New York; ABN is a Delaware corporation with its principal place of business in New Jersey, ABN SA's principal place of business is in New Jersey, Transtex is an Argentine company operating entirely in Argentina, and defendants are both residents of Argentina (*see Blueye Nav. v Den Norske Bank*, 239 AD2d 192 [1997]). Both of the businesses that plaintiffs contend defendants created to compete with plaintiffs' businesses were incorporated in and have their principal offices in Argentina. The vast majority (if not all) of the nonparty witnesses do not reside in New York (*see Tilleke & Gibbins Intl. v Baker & McKenzie*, 302 AD2d 328 [2003]; *Union Bancaire Privee v Nasser*, 300 AD2d 49 [2002]), and plaintiffs fail to identify a single material witness who does

---

1. "In the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation. The greater interest is determined by an evaluation of the facts or contacts which . . . relate to the purpose of the particular law in conflict. Two separate inquiries are thereby required to determine the greater interest: (1) what are the significant contacts and in which jurisdiction are they located; and, (2) whether the purpose of the law is to regulate conduct or allocate loss" (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521 [1994] [internal quotation marks and citation omitted]).

reside in this State (*see Brinson v Chrysler Fin.*, 43 AD3d 846 [2d Dept 2007] [in opposition to defendants' evidence indicating that numerous witnesses resided outside of New York State, plaintiff did not identify any nonparty witnesses who resided in New York]).

Gentile averred that "many key witnesses, including almost everyone involved in the investigation [into defendants' alleged tortious conduct], reside in New York or the metropolitan area." Although Gentile went on to identify seven such individuals, including himself, he did not indicate which of these witnesses reside in New York and which reside outside New York but in the metropolitan area. In any event, the presence in New York of one or a small number of witnesses would not be sufficient to keep this action in New York, especially since these individuals appear to be witnesses not to the alleged improper conduct but to the subsequent investigation into the conduct. Thus, the testimony these witnesses may provide regarding their investigation is peripheral compared to evidence regarding the allegedly tortious conduct itself, which occurred principally (if not exclusively) in Argentina (*see SMT Shipmanagement & Transp. Ltd. v Maritima Ordaz C.A.*, 2001 WL 930837, \*8, 2001 US Dist LEXIS 11928, \*28-32 [SD NY 2001, Lynch, J.], *affd sub nom. David J. Joseph Co. v M/V BALTIC*, 64 Fed Appx 259 [2d Cir 2003]; *see also Oil Basins Ltd. v Broken Hill Proprietary Co. Ltd.*, 613 F Supp 483, 489 [SD NY 1985]). Moreover, although plaintiffs and the majority rely on the presence in the New York metropolitan area of, as the majority puts it, "key witnesses who conducted the forensic investigation that brought to light defendants' alleged wrongdoing," plaintiffs provide no reason to conclude that these investigators could testify on a nonhearsay basis to anything relevant.

Moreover, a substantial portion of the documents relevant to this action are located in Argentina, Transtex's place of business, and are in Spanish. Defendants, who live approximately 5,000 miles away from New York City, would experience substantial hardship if forced to defend this action (*see Mollendo Equip. Co. v Sekisan Trading Co.*, 56 AD2d 750 [1977], *affd* 43 NY2d 916 [1978]; *Wentzel v Allen Mach.*, 277 AD2d 446, 447 [2000] [order denying motion to dismiss on ground of forum non conveniens reversed and motion granted where, among other things, defendants would have to travel 3,000 miles to defend New York action]).

Gentile's averment that Daniele "regularly travel[ed] to New York to conduct business" is bereft of any supporting detail and unsupported by any other evidence. Moreover, it is undisputed

that Daniele's wife has never been to New York. Of course, that Daniele may have traveled to New York in the past, regardless of the frequency of such visits, is hardly relevant in ascertaining whether New York is a convenient forum for the present action.

That defendants maintain bank accounts at Citibank and HSBC is an insufficient basis to accept jurisdiction over plaintiffs' causes of action. Defendants opened these accounts in Argentine branches of those banks, and defendants assert that they maintain "U.S. dollar accounts because of financial turmoil in [Argentina] . . . [and] [a]ll deposits into th[o]se accounts were made by wire transfer initiated from the branch[es] located in Argentina." Daniele averred that on the two occasions he was in New York he did not make any deposits into the accounts. Plaintiffs' conclusory and uncorroborated claims that defendants deposited into those accounts funds belonging to plaintiffs, and that Daniele, while in New York, conducted transactions with respect to those accounts at Citibank and HSBC, i.e., that the accounts were central to defendants' alleged tortious conduct, are insufficient to establish that plaintiffs' causes of action have a substantial nexus with New York (*Silver*, 29 NY2d at 361). That a foreign citizen maintains bank accounts with international banks that have branches or offices in New York, standing alone, should not be sufficient to guarantee that New York will exercise jurisdiction over a dispute relating in some way to the accounts (*see A & M Exports v Meridien Intl. Bank*, 207 AD2d 741 [1994]). Rather, the existence of such accounts must be considered along with all other relevant circumstances surrounding the action (*see Islamic Republic*, 62 NY2d at 479 ["the court, after considering and balancing the various competing (private and public) factors, must determine in the exercise of its sound discretion whether to retain jurisdiction or not"]).

Although the majority contends, albeit in passing, that I "unduly rel[y]" on the nonresident status of the parties, it acknowledges the relevance of that factor. The majority, however, ignores or gives virtually no weight to two other relevant factors, that the transactions out of which plaintiffs' causes of action arose occurred in Argentina, and the applicability of Argentine law (*see Islamic Republic*, 62 NY2d at 479-480). The majority concludes that it is "mere speculation" that defendants will experience hardship in defending this action in New York "given, inter alia, affidavits and documentation alleging that defendants stole more than two million dollars." Apparently, the majority first assumes that defendants stole $2 million from plaintiffs, and then assumes that defendants possess part or all

of those funds and can utilize them to defend this action. The first assumption rests solely on affidavits from plaintiffs' employees, and ignores defendants' averment that they did not divert funds from plaintiffs. The second assumption rests on nothing, and ignores defendants' averment that they do not have the resources to defend this action in New York. The majority claims that it "make[s] no assumptions as to the veracity of either party's claims." But if that is so, there is no reason for the majority to refer to "affidavits and documentation alleging that defendants stole more than two million dollars." In any event, that individual citizens of another nation—let alone one located thousands of miles from New York—with virtually no connection to New York would experience significant hardship defending a lawsuit in New York cannot reasonably be doubted. Notably, apart from referring to these "affidavits and documentation," the majority provides no other reason to doubt that defendants would experience such hardship.[2]

At bottom, this matter has "no substantial nexus with New York" (*Silver*, 29 NY2d at 361), and after balancing all of the relevant factors, I believe that this action "would be better adjudicated elsewhere" (*Islamic Republic*, 62 NY2d at 479), namely Argentina, an adequate, alternative forum (*see Warter v Boston Sec., S.A.*, 380 F Supp 2d 1299, 1311 [SD Fla 2004] [collecting cases holding that Argentina is an adequate forum]).

Accordingly, I would reverse, grant that aspect of defendants' cross motion seeking dismissal of the complaint on the basis of forum non conveniens and dismiss the complaint. In light of my conclusion that dismissal is appropriate on the ground of forum non conveniens, I need not reach defendants' contentions regarding the issue of personal jurisdiction.[3]

---

**2.** *Yoshida Print. Co. v Aiba* (213 AD2d 275 [1995]), cited by Supreme Court, does not support the majority's disposition of this appeal. In *Yoshida*, this Court affirmed the denial of the motion of the defendant, a New York resident, to dismiss on the ground of forum non conveniens, stating that "[n]either the fact that plaintiff is a Japanese corporation, whose witnesses may speak Japanese, nor the potential necessity of applying Japanese law, renders New York an inconvenient forum." (*Id.*) The Court noted that the plaintiff offered to make the witnesses available at no cost to the defendant and that "[a]ny need to translate documents into English does not warrant a contrary result." (*Id.*) Here, however, defendants' cross motion is supported by much more than the applicability of foreign law and the need for translation of documents and testimony, including the non-New York residence of all of the parties and the significant hardship defendants would experience by having to defend this action in New York.

**3.** While there is some authority supporting the proposition that a court may not reach the issue of forum non conveniens when an unresolved ques-

tion exists regarding whether the court has jurisdiction over the defendants (Edelman v Taittinger, S.A., 298 AD2d 301, 303 [2002]), I would follow the United States Supreme Court's unanimous decision in Sinochem Intl. Co. Ltd. v Malaysia Intl. Shipping Corp. (549 US —, — , 127 S Ct 1184, 1192 [2007] [a trial "court . . . may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant"]).