WP 760 MARKET STREET, LLC, Respondent-Appellant, v THOR 760M LLC, Appellant-Respondent, et al., Defendant. [918 NYS2d 104]—

Pursuant to paragraph 51 (c) of the sale-purchase agreement (to which California law applies), disbursement of the escrow funds to plaintiff was conditioned solely on the delivery of "the Rite Aid Surrender Agreement" to Thor on or before September 30, 2009 (see Powerine Oil Co., Inc. v Superior Ct., 37 Cal 4th 377, 390, 118 P3d 589, 598 [2005] ["If contractual language is clear and explicit, it governs" (internal quotation marks and citations omitted)]). The record demonstrates that this condition was satisfied (see Moss v Minor Props., Inc., 262 Cal App 2d 847, 853 [1968] ["the terms and conditions of an escrow must be strictly performed" (internal quotation marks omitted)]).

Paragraph 51 (b) (i) of the sale-purchase agreement defines "Rite Aid Surrender Agreement" as "an agreement . . . which shall provide for the termination of the Rite Aid Lease on or before the date that is one hundred and eighty (180) days after the date of the execution and delivery of such agreement." Significantly, paragraph 51 (b) (i) further provides that "[plaintiff] shall have the right, in its sole and absolute discretion, to negotiate and commit [Thor] to the terms of the Rite Aid Surrender Agreement (and choose the terms thereof in its sole discretion)." Contrary to Thor's contention, the sale-purchase agreement authorizes plaintiff (no longer the owner of the property following the sale to Thor) to make efforts "to cause" Rite Aid to enter into a "Surrender Agreement," but it does not require that plaintiff cause Rite Aid to surrender the lease. It requires only that a "Surrender Agreement" executed

by Rite Aid be delivered to Thor on or before September 30, 2009.

Thor contends that Rite Aid did not enter into an agreement that could have resulted in a termination of its lease because Rite Aid assigned its leasehold interest to a third party. However, plaintiff, in accordance with its broad rights under paragraph 51 (b) (i), elected on behalf of Thor to terminate the lease rather than consent to the requested assignment. Plaintiff delivered to Thor the papers reflecting the assignment, along with the lease termination notice for its signature, in February 2009. The lease was terminated well before the September 30, 2009 deadline set forth in paragraph 51 (c).

Plaintiff is not entitled to prejudgment interest on the escrow funds, because there was no "sum awarded" against Thor, the money was held by a neutral third-party escrow agent, and Thor had no more use of it than did plaintiff (CPLR 5001 [a]; *see Manufacturer's & Traders Trust Co. v Reliance Ins. Co.*, 8 NY3d 583, 589 [2007]).

We have considered the parties' remaining arguments and find them without merit. Concur—Andrias, J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ.