■ PD Cargo, CA, Appellant, v Paten International SA, Respondent, et al., Defendants. [52 NYS3d 328]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 10, 2015, which, among other things, granted defendant Paten International SA's (Paten) motion to dismiss the complaint as against it for lack of personal jurisdiction and vacated an order of attachment, unanimously reversed, on the law, without costs, the motion to dismiss denied with leave to renew upon completion of discovery on the jurisdictional issue, the complaint reinstated as against Paten, and the order of attachment reinstated. Appeal from order, same court and Justice, entered on or about December 4, 2015, which denied plaintiff's motion to renew, and appeal from order, same court and Justice, entered August 8, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's second motion to renew, unanimously dismissed, without costs, as academic.

Plaintiff's allegations that Paten used a correspondent account in New York to run a "blue dollar" currency exchange operation, and that defendant vendor Lacteos CDS directed plaintiff's funds to Paten's account because Lacteos CDS is a customer of the blue dollar operation, made out a sufficient start in demonstrating personal jurisdiction under CPLR 302 (a) (1). Accordingly, plaintiff is entitled to jurisdictional discovery (see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327 [2012]; American BankNote Corp. v Daniele, 45 AD3d 338, 340 [1st Dept 2007]; see also CPLR 3211 [d]).

We decline to reach plaintiff's argument under CPLR 302 (a) (2), because it was raised for the first time on renewal (see Nassau County v Metropolitan Transp. Auth., 99 AD3d 617, 619 [1st Dept 2012], lv dismissed in part and denied in part 21 NY3d 921 [2013]).

Because we reinstate the action, the order of attachment should also be reinstated. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.