Diwan v Grinberg (2020 NY Slip Op 06708)





Diwan v Grinberg


2020 NY Slip Op 06708


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 653166/17 Appeal No. 12383-12384 Case No. 2019-5744, 2019-03557 

[*1]Judy Masri Diwan et al., Plaintiffs-Appellants,
v
Bernardo Jose Rosental Grinberg et al., Defendants-Respondents.


Stroock & Stroock & Lavan LLP, New York (Claude G. Szyfer of counsel), for appellants.
Fishkin Lucks LLP, New York (Steven M. Lucks of counsel), for Bernardo Jose Rosental Grinberg, respondent.
Graber PLLC, New York (Daniel Graber of counsel), for Israel Discount Bank of New York, respondent.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered January 9, 2019, which granted defendants Grinberg's motion to dismiss the complaint as against him on the ground of inconvenient forum (CPLR 327) and granted defendant Israel Discount Bank's motion to dismiss the complaint as against it for failure to state a cause of action, and order, same court (Joel M. Cohen, J.), entered July 25, 2019, to the extent it denied plaintiffs' motion for renewal, unanimously affirmed, without costs.
Plaintiffs are not entitled to enforce the forum selection clause in the account agreements. Neither plaintiffs nor defendant Grinberg were parties to these agreements. The agreements were between two corporations of which plaintiffs were shareholders and defendant bank. Defendant Grinberg, the president of the two corporations, signed the agreement solely in his corporate capacity (see Freeford Ltd. v Pendleton, 53 AD3d 32, 38—39 [1st Dept 2008], lv denied 12 NY3d 702 [2009]).
The court considered the proper factors for dismissal under CPLR 327, including the burden on the court, the residence of the parties, the location of evidence and witnesses, and the nexus of New York to the claims (see Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A., 26 AD3d 286 [1st Dept 2006]). Given that this is an action among Mexican shareholders of Bahamian corporations concerning the ownership and control of the corporations, and that the claims are also subject to an ongoing action in the Bahamas, the court providently exercised its discretion in granting Grinberg's motion to dismiss.
As to defendant Israel Discount Bank's motion to dismiss, given that it was undisputed that the allegedly looted assets never left the bank but were and still are in another account held at the bank, plaintiffs failed to allege any damages. Pre-judgment interest is not a separate claim for damages but is granted on a "sum awarded" (see WP 760 Mkt. St., LLC v Thor 760M LLC, 82 AD3d 483, 484 [1st Dept 2011] [internal quotation marks omitted]).
Although plaintiffs offered new facts in support of their motion for renewal, the new facts would not have changed the prior determinations (CPLR 2221[e]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020