Wormwood Capital LLC v Mulleady (2022 NY Slip Op 01526)





Wormwood Capital LLC v Mulleady


2022 NY Slip Op 01526


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 656481/20 Appeal No. 15493 Case No. 2021-03941 

[*1]Wormwood Capital LLC, et al., Plaintiffs-Appellants,
v
Kevin P. Mulleady et al., Defendants-Respondents, Phoenixus AG, Nominal Defendant-Respondent.


Kishner Miller Himes P.C., New York (Scott M. Himes of counsel), for appellants.
Morgan, Lewis & Bockius LLP, New York (Brian A. Herman of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about September 20, 2021, which granted defendants' motion to dismiss the complaint pursuant to CPLR 327(a), unanimously reversed, on the law, with costs, and the motion denied.
Plaintiffs, minority shareholders of Swiss company Phoenixus AG, commenced this derivative action against Phoenixus and certain members of its board of directors, asserting causes of action for breach of fiduciary duty, breach of duty of loyalty, corporate waste, contribution, and indemnification. Plaintiffs essentially claim that defendant-board members, who were also officers of Phoenixus's Delaware subsidiary, conspired with each other and Phoenixus's founder, nonparty Martin Shkreli, to engage in self-dealing and that they took actions which harmed Phoenixus and its shareholders.
Defendants did not establish that in the interest of substantial justice, this action should be heard in another forum, namely, Switzerland (see generally CPLR 327[a]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]). Adjudication of plaintiffs' claims, which are undisputedly governed by Swiss law, will not place an undue burden on New York courts (see generally Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171, 178 [1st Dept 2004]). New York courts are frequently called on to apply the laws of foreign jurisdictions and in this case, there is no indication that the relevant law, which is from only one foreign jurisdiction, is in dispute or is distinctly abstruse (e.g. Pacific Alliance Asia Opportunity Fund, L.P. v Kwok Ho Wan, 160 AD3d 452, 453 [1st Dept 2018]; see also Yoshida Print. Co. v Aiba, 213 AD2d 275, 275 [1st Dept 1995]; Anagnostou v Stifel, 204 AD2d 61, 62 [1st Dept 1994]). That plaintiffs seek certain nonmonetary relief that may not be available or enforceable in Switzerland does not cut in favor of dismissal because defendants can seek to limit the damages sought and plaintiffs are now willing to withdraw their requests for nonmonetary relief as against Phoenixus.
Defendants do not claim that litigation in New York will cause them any hardship and although this matter could be litigated in Switzerland, Swiss courts do not permit trial by jury, which could pose some hardship to plaintiffs (see Wilson v Dantas, 128 AD3d 176, 187-188 [1st Dept 2015]). Moreover, most of defendant-board members are residents of New York and none are residents of Switzerland (see OrthoTec, LLC v Healthpoint Capital, LLC, 84 AD3d 702, 703 [1st Dept 2011]). The allegations in the complaint make clear that this action has a substantial nexus to New York and at this point, it appears that the majority of the witnesses and evidence will be located in the United States, principally New York (cf. Rodionov v Redfern, 173 AD3d 410, 410 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022[*2]