Cadigan v Liberty Helicopters, Inc. (2022 NY Slip Op 04088)

Cadigan v Liberty Helicopters, Inc.

2022 NY Slip Op 04088

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 152286/18 Appeal No. 16189 Case No. 2021-03926 

[*1]Jerry Cadigan et al., Plaintiffs-Respondents-Appellants,
v
Liberty Helicopters, Inc., etc., et al., Defendants, Apical Industies, Defendant-Respondent, Ny On Air Limited Liability Company, et al., Defendants-Appellants-Respondents.

Condon & Forsyth LLP, New York (Allison M. Surcouf of counsel), for appellants-respondents.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents-appellants.
KMA Zuckert LLC, New York (David Y. Loh of counsel), for respondent.

Order, Supreme Court, New York County (James D'Auguste, J.), entered on or about October 7, 2021, which, to the extent appealed from, denied defendants NY ON Air LLC and FlyNYON LLC's (together, NYON) motion to dismiss the complaint as against them and plaintiffs' motion for sanctions, unanimously affirmed, with costs.
NYON waived its forum selection clause defense by participating in this litigation and engaging in extensive discovery for three years (see CDR CrÉances S.A.S. v Cohen, 77 AD3d 489, 490 [1st Dept 2010]; Jones v Eon Labs, Inc., 43 AD3d 711 [1st Dept 2007]). Contrary to NYON's contention, plaintiffs would suffer prejudice by the enforcement of the forum selection clause at this stage of the proceeding, as they have already expended significant time and expenses in pursuit of their claims and may have been induced to believe that enforcement of the forum selection clause would not be sought (see Energy Conservation Group, LLC v Applied Underwriters, Inc., 2018 NY Slip Op 30782[U], *4 [Sup Ct, NY County 2018]). In view of the foregoing, we need not reach the issue of the enforceability of the clause.
There is no basis for imposing sanctions against NYON. Its reliance on the forum selection clause in seeking dismissal of the action against it was not "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]), and its misquotation of its affirmative defense in its motion papers, even if intentional, did not constitute a material factual misstatement (22 NYCRR 130-1.1 [c] [3]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022