Travelers Cas. & Sur. Co. v Vale Can. Ltd. (2023 NY Slip Op 00192)

Travelers Cas. & Sur. Co. v Vale Can. Ltd.

2023 NY Slip Op 00192

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Kennedy, Mendez, Shulman, JJ. 

Index No. 654028/21 Appeal No. 17109 Case No. 2022-02197 

[*1]Travelers Casualty & Surety Company, Plaintiff-Respondent,
v
Vale Canada Limited et al., Defendants-Appellants, AIU Insurance Company et. al., Defendants-Respondents, CGU International Insurance PLC etc., et al., Defendants.

Pillsbury Winthrop Shaw Pittman LLP, New York (Alexander Hardiman of counsel), for Vale Canada Limited, appellant.
Michael H. Zhu P.C., New York (Michael H. Zhu of counsel), for Royal & Sun Alliance Insurance Company of Canada, appellant.
Day Pitney LLP, New York (Gregory R. Bruno and Kathleen D. Monnes of the bar of the State of Connecticut, admitted, pro hac vice, of counsel), for Travelers Casualty and Surety Company, respondent.
Kennedys CMK LLP, New York (Heather E. Simpson of counsel), for The North River Insurance Company and United States Fire Insurance Company, respondents.
Saiber LLC, New York (Anthony Del Guercio of counsel), for General Reinsurance Corporation, respondent.
Zelle LLP, New York (Kristin A. Heres of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for Employers Insurance Company of Wausau, respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 10, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Vale Canada Limited's motion to dismiss or stay the action and cross claims against it pursuant to CPLR 327 based on forum non conveniens or pursuant to CPLR 3211(a)(4) in favor of actions pending in Canada, to dismiss all codefendant insurers as improperly joined parties pursuant to CPLR 1003, and to dismiss for failure to state a claim pursuant to CPLR 3211(a)(7), and denied defendant Royal & Sun Alliance Insurance Company of Canada's (RSA) motion to dismiss on the basis of forum non conveniens or, in the alternative, in favor of actions pending in Canada, unanimously affirmed, with costs.
In this declaratory judgment action, plaintiff Travelers Casualty & Surety Company seeks a declaration as to its coverage obligations concerning numerous insurance policies issued to Vale Canada, Vale Canada's predecessor, or a former subsidiary, in the 1970s and 1980s. Several of the other defendant insurers also issued policies to those entities between the 1960s and 1980s. Vale Canada has asserted that it incurred, or expects to incur, costs or damages covered by insurance and related to remediation of environmental damage at or near its mines located throughout Canada and in Wales, Indonesia, Japan, and New Jersey.
Travelers alleges that the bulk of the insurance policies that are the subject of this action were issued, underwritten, brokered, or at least negotiated in New York. Vale Canada and RSA have each moved to dismiss on the basis of forum non conveniens, and have commenced proceedings in Ontario, Canada against multiple insurers concerning coverage for the environmental remediation.
Initially, the record establishes that when addressing Vale Canada and RSA's forum non conveniens arguments, the motion court considered and weighed the relevant factors in making its determination, even if it did not explicitly delineate and address all of the factors in its written order (see National Bank & Trust Co. of N. Am. v Banco De Vizcaya, 72 NY2d 1005, 1007 [1988], cert denied 489 US 1067 [1989]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; cf. Shin-Etsu Chem Co. Ltd. v ICICI Bank Ltd., 9 AD3d 171, 176 [1st Dept 2004] [court focused on one factor and "ignored all the other requisite factors"]). The court considered and weighed the fact that many of the underlying events in this coverage dispute took place in New York, as the bulk of the policies were issued, brokered, or negotiated here. It also considered whether Ontario would be an adequate alternative forum in light of the fact that Ontario had been found not to have jurisdiction over one insurer, which had issued 15 policies, and that another insurer had excluded Canadian risks. It weighed the potential burden on the courts and hardship or prejudice to Vale Canada and RSA in having to [*2]litigate the coverage dispute here rather than in Ontario. The court exercised its discretion in weighing the relevant factors, and its determination will not be disturbed unless it improvidently exercised its discretion (Islamic Republic, 62 NY2d at 479).
We find that the court providently exercise its discretion, and that neither Vale Canada nor RSA have satisfied their heavy burden of establishing that "plaintiff's selection of New York is not in the interest of substantial justice" (Swaney v Academy Bus Tours of N.Y., Inc., 158 AD3d 437,438 [1st Dept 2018] [internal quotation marks omitted]). While no single factor is controlling, the court properly determined that there is a substantial nexus between this litigation and New York, as the bulk of the policies were either issued, brokered, or negotiated here (see Travelers Cas. & Sur. Co. v Honeywell Intl. Inc., 48 AD3d 225, 226 [1st Dept 2008]). Indeed, Vale Canada and RSA failed to establish that the transactions giving rise to the causes of action arose primarily in Ontario, as this coverage dispute involves many different policies issued in the United States, and concerns potential liability related to mines located throughout Canada and in Wales, Japan, Indonesia, and New Jersey (cf. Atlantic Mut. Ins. Co. v Cadillac Fairview US, 125 AD2d 181, 184-185 [1st Dept 1986], lv denied 69 NY2d 613 [1987] [finding California the "most appropriate forum" for insurance coverage dispute, focusing on how the toxic waste site, documents, and witnesses that were the subject of the dispute were all located there]). The witnesses and documents relevant to the causes of action are likely to be located in various different locations, not just Ontario (see id. at 184). Vale Canada and RSA also have not established significant hardship by having to litigate this dispute in New York rather than Ontario (see Mionis v Bank Julius Baer & Co., Ltd., 9 AD3d 280, 282 [1st Dept 2004]). There has been no showing of a conflict of law between the two jurisdictions, but even assuming Canadian law might apply, the court properly determined that that would not pose a significant burden on the New York courts, which are fully capable of applying Canadian law (see Mionis, 9 AD3d at 282). Finally, the court properly considered and weighed the availability of Ontario as an alternative forum, including whether the Ontario court would have jurisdiction over all the defendant insurers that filed cross claims against Vale Canada.
Vale Canada's argument that the court considered irrelevant factors is unavailing. The factors listed in Islamic Republic are not exhaustive, and forum non conveniens is a flexible doctrine that depends on the unique facts and circumstances of each case (62 NY2d at 479).
The court properly denied the branches of the motions seeking dismissal pursuant to CPLR 3211(a)(4). This action was filed prior to the Ontario proceedings, and the New York court was the first to take jurisdiction (see GE Oil & Gas, [*3]Inc. v Turbine Generation Servs., L.L.C., 140 ad3D 582, 583 [1st Dept 2016]). While that fact alone is not controlling, we find no other basis warranting dismissal pursuant to CPLR 3211(a)(4).
The court also properly denied that branch of Vale Canada's motion seeking to dismiss various defendant insurers as improperly joined. Although Travelers did not state a cause of action against them, they were included as necessary parties that might be inequitably affected by a judgment in Travelers's favor (see CPLR 1001). In any event, we find that Vale Canada has not established any basis warranting dismissal of those other insurers (see generally Hickson v Mt. Sinai Med. Ctr., 87 AD2d 527, 528 [1st Dept 1982]). In light of the forgoing, we find it unnecessary to reach the parties' arguments as to whether Vale Canada had standing to seek dismissal of these other insurers pursuant to CPLR 1003.
We have considered defendants remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023