Employees Retirement Sys. for the City of Providence v Rohner (2024 NY Slip Op 00674)

Employees Retirement Sys. for the City of Providence v Rohner

2024 NY Slip Op 00674

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, O'Neill Levy, Michael, JJ. 

Index No. 651657/22 Appeal No. 1610 Case No. 2023-01215 

[*1]Employees Retirement System for the City of Providence, etc., Plaintiff-Respondent,
v
Urs Rohner et al., Defendants, Eric Varvel et al., Defendants-Appellants, Credit Suisse Group AG, Nominal Defendant.

Cahill Gordon & Reindel LLP, New York (Jason M. Hall of counsel), for appellants.
Bernstein Litowitz Berger & Grossmann LLP, New York (Jeroen van Kwawegen of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered January 31, 2023, which denied the motion of defendants Eric Varvel, Brian Chin, and Radhka Venkatraman to dismiss the complaint pursuant to CPLR 327 and 3211(a)(7), unanimously affirmed, with costs.
The doctrine of forum non conveniens, codified in CPLR 327, permits a court to stay or dismiss an action where it finds "that in the interest of substantial justice the action should be heard in another forum." CPLR 327 requires that "balancing of many factors," and the decision to retain jurisdiction over a dispute is within the motion court's discretion (Al Rushaid v Pictet & Cie, 28 NY3d 316, 332 [2016]; see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]). Here, defendants have not met their "heavy burden" of establishing that the complaint should have been dismissed on forum non conveniens grounds (see Elmaliach v Bank of China Ltd., 110 AD3d 192, 208 [1st Dept 2013]).
There is no credible argument that a substantial nexus between this action and New York is lacking (Islamic Republic of Iran, 62 NY2d at 478-479). Virtually every aspect of the subject matter underlying this action occurred in New York, and this Court has found a substantial nexus to exist in New York under less compelling circumstances (see e.g. Elmaliach, 110 AD3d at 208-209).
The court also properly found that New York, as a preeminent commercial center, has a significant interest in adjudicating this dispute. While Switzerland also has an interest in adjudicating this action and regulating its banks, this is only "one factor to be weighed," and does not compel dismissal (id. at 209 [internal quotation marks omitted]). Nor is there any parallel litigation pending in Switzerland that might weigh in favor of adjudicating the dispute there.
Defendants also failed to meet their heavy burden of establishing that the Commercial Division is unduly burdened or incapable of handling this case. While the parties agree that this case involves the application of Swiss substantive law, this is not dispositive. New York courts routinely find that there is no inordinate burden involved in applying the substantive laws of foreign jurisdictions, including Swiss law (see e.g. Wormwood Capital LLC v Mulleady, 203 AD3d 500 [1st Dept 2022]).
The court properly determined that the heightened pleading standard of CPLR 3016(b) does not apply to plaintiff's negligence-based breach of fiduciary duty claims under Swiss law. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024