Koval v Access Indus., Inc. (2026 NY Slip Op 00090)

Koval v Access Indus., Inc.

2026 NY Slip Op 00090

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 158794/23|Appeal No. 5569|Case No. 2025-00963|

[*1]Galina Koval, Respondent,
vAccess Industries, Inc., et al., Appellants.

Kennedys CMK, LLP, New York (Hilary Simon of counsel), for appellants.
Gersowitz, Libo & Korek, P.C., New York (Anthony Makarov of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about January 16, 2025, which denied defendants' motion to dismiss the complaint pursuant to CPLR 327(a) on forum non conveniens grounds, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the motion to dismiss on the ground of forum non conveniens. The record demonstrates that the court considered the relevant factors, none of which is controlling, and which include: (1) the burden on the New York courts; (2) the potential hardship to the defendant; (3) the unavailability of an alternative forum in which plaintiff may bring suit; (4) whether both parties are nonresidents; and (5) whether the transaction from which the cause of action arose occurred primarily in a foreign jurisdiction (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; Swaney v Academy Bus Tours of N.Y., Inc., 158 AD3d 437, 438 [1st Dept 2018]). Defendants had the "heavy burden" of establishing that the balance of these factors points "strongly in [their] favor" (Elmaliach v Bank of China Ltd., 110 AD3d 192, 208 [1st Dept 2013] [internal quotation marks omitted]), and the court providently concluded that they did not meet that burden.
Although plaintiff is a resident of Pennsylvania and her slip and fall accident occurred in the Bahamas, where some of the nonparty witnesses and documents are likely to be located, these facts did not require disturbing plaintiff's choice of New York as the forum (see Mionis v Bank Julius Baer & Co., Ltd., 9 AD3d 280, 282 [1st Dept 2004]; Amlon Metals v Liu, 292 AD2d 163, 164 [1st Dept 2002]). The record shows that defendants Access Industries, Inc. and OC Resort Holdings Limited have connections to New York since Access is a New York State domestic corporation with a principal place of business here, OC maintains its principal place of business at the same address as Access, and OC and Access appear to share at least two New York City based corporate officers (see J.G. v Goldfinger, 189 AD3d 579, 579 [1st Dept 2020], lv dismissed 37 NY3d 1021 [2021]). While defendant Four Seasons Hotels and Resorts' principal place of business is in Canada, Four Seasons and OC agreed in their hotel management agreement to litigate disputes arising from that agreement in New York, which shows that those defendants viewed New York as a viable forum in which to litigate their disputes. The burdens defendants may face litigating in New York "is part of the price which may properly be demanded of those who extensively engage in international trade" (Weston v Club Mediterranee, 197 AD2d 453, 454 [1st Dept 1993] [internal quotation marks omitted]).
Further, the trial court properly found that the burden on the New York State courts would be minimal, especially where defendants have not alleged that there will be a need to translate documents or witness testimony from a foreign language (see Bacon v Nygard, 160 AD3d 565, 566 [1st Dept 2018]). Nor has there been a showing that the applicable law in the Bahamas is "distinctly abstruse" (Wormwood Capital LLC v Mulleady, 203 AD3d 500, 500 [1st Dept 2022]). Plaintiff, by contrast, "would suffer hardship if required to litigate in the Bahamas, which has no jury trial right and no mechanism to obtain pre-trial deposition testimony from Bahamian witnesses" (Bacon, 160 AD3d at 566). New York's courts are fully capable of applying Bahamian law, if necessary (see Anagnostou v Stifel, 204 AD2d 61, 62 [1994]).
Finally, the court properly concluded that defendants made no showing that an appropriate alternative forum is available. In this regard, the court did not fail to adequately consider the Bahamas as a feasible alternate forum. However, the allegations in the complaint make clear that this action has a substantial nexus to New York, and at this point, it appears that the only eyewitness to the accident resides in New York and that the majority of the evidence regarding the design, installation, and construction of the steam room where plaintiff's accident occurred will be located in New York (see Wormwood Capital LLC, 203 AD3d at 501 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026