INTERTEC CONTRACTING A/S, Intertec (Gibraltar) Ltd., and Intertec Overseas Limited, Plaintiffs–Appellees,

v.

TURNER STEINER INTERNATIONAL, S.A., Turner Steiner East Asia Limited and The Turner Corporation, Defendants–Appellants.

No. 00–7796.

United States Court of Appeals, Second Circuit.

March 16, 2001.

Roger S. Markowitz, Peckar & Abramson, P.C., New York, NY, for appellant.

Edward K. Lenci, Oppenheimer, Wolff & Donnelly, LLP, New York, NY, for appellee.

Present MESKILL, PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendants-appellants, Turner Steiner, East Asia Limited, Turner Steiner International, S.A., and The Turner Corporation (collectively known as "Turner," unless individually named) appeal from a May 30, 2000 opinion and order of the United States District Court for the Southern District of New York (Charles S. Haight, Jr., *Judge*) denying Turner's motion to compel arbitration with Intertec Contracting A/S, Intertec (Gibraltar) Ltd., and Intertec Overseas Limited (collectively known as

**62**

"Intertec"). *See Intertec Contracting A/S, et al. v. Turner Steiner International, S.A., et al.,* No. 98 Civ. 9116, 2000 WL 709004, \*6–\*7 (S.D.N.Y. May 31, 2000).

The district court had subject matter jurisdiction to decide Turner's motion to compel arbitration based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), which was made a part of domestic legislation by Chapter Two of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 et seq. Because this case was removed to federal court pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441(b) and Judge Haight denied Turner's motion to compel arbitration, it is necessary to consider whether the case should immediately be remanded to state court or whether this Court has jurisdiction to hear Turner's appeal.

As Judge Haight points out in his conclusion, [t]he FAA was amended in 1988 and 1990 to provide that an appeal may be taken from an order 'denying a petition under section 4 of ... [the FAA] to order arbitration to proceed,' and from an order 'denying an application under section 206 of ... [the Convention] to compel arbitration.' However, the Removal Statute provides that '[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise,' with the sole exception, not applicable here, of civil rights actions.

*Intertec Contracting,* 2000 WL 709004, at \*12 (quoting 9 U.S.C. § 16(a)(1)(B), (C) and 28 U.S.C. § 1447(d)).

■ As Judge Haight points out, there is tension between 9 U.S.C. § 16(a)(1)(B), (C) and 28 U.S.C. § 1447(d). However, 28 U.S.C. § 1447(d) makes an order remanding a case non-appealable; it does not affect the appealability of the denial of motion to compel arbitration. In this case, Turner is appealing the denial of its motion to compel arbitration, which clearly is appealable under 9 U.S.C. § 16(a)(1)(B), (C). Turner is not appealing an order of the district court remanding a case to State court. Therefore, 9 U.S.C. § 16(a)(1)(B), (C) controls in this case and this Court retains jurisdiction to hear Turner's appeal.

■ Having determined that we have jurisdiction to hear this appeal, we affirm, substantially for the reasons stated in the judgment of the district court. *See Intertec Contracting,* 2000 WL 709004, at \*7–\*11. The district court was correct in its assessment that "it would be 'unduly stretching' the General Contract's mandatory pre-arbitration dispute resolution procedures to include a subcontractor such as Intertec; and, if Intertec is not subject to those procedures, it cannot be subject to an arbitration clause that requires their exhaustion before arbitration can be demanded." *Id.* at \*10 (quoting *Import Export Steel Corp. v. Mississippi Valley Barge Line Co.,* 351 F.2d 503, 506 (2d Cir.1965)).

For the reasons set forth above, the judgment of the district court is AFFIRMED.