[774 NYS2d 14]

Intertec Contracting A/S et al., Appellants, v Turner Steiner International, S.A., et al., Respondents.

First Department, March 16, 2004

**APPEARANCES OF COUNSEL**

*Kupferman & Kupferman, LLP (Stephanie E. Kupferman* and *Theodore R. Kupferman* of counsel), and *Wilker & Lenci, LLP (Edward K. Lenci* and *P. Jay Wilker* of counsel), for appellants.

*Peckar & Abramson, P.C. (Roger S. Markowitz* and *Michael S. Zicherman* of counsel), for respondents.

**OPINION OF THE COURT**

LERNER, J.

On March 19, 1993, plaintiffs Intertec Contracting A/S, Intertec (Gibraltar) Ltd. and Intertec Overseas Limited (collectively Intertec) entered into a subcontract with defendant Turner Steiner East Asia Limited (TSEAL), as general contractor, to perform, inter alia, electrical, plumbing and other mechanical work on a multi-million dollar construction project to erect twin 39-story high rise office towers in Sri Lanka. This construction project, which was owned by nonparty Overseas Realty (Ceylon) Ltd. (ORCL), a Sri Lankan corporation, was plagued by numerous delays.

Although the construction project was ultimately completed in 1996, disputes arose between ORCL, TSEAL and Intertec as to the amount of monies owed under the contract due to the delays. In June 1998, ORCL settled its dispute with defendant Turner Steiner International, S.A. (TSI), the corporate parent of TSEAL. In December 1998, Intertec commenced the instant lawsuit in state court against TSEAL, its corporate parent TSI and TSI's corporate parent, The Turner Corporation, seeking damages for the delays allegedly caused by defendants' negligence. As pretrial discovery was well underway, defendants successfully moved to have the action removed to federal court and later moved to compel arbitration, contending that the subcontract incorporated by reference an arbitration agreement found in the general contract between ORCL and TSEAL to arbitrate all contract disputes in Sri Lanka (*Intertec Contr. A/S v Turner Steiner Intl., S.A.*, 2000 WL 709004, 2000 US Dist LEXIS 7413 [SD NY, May 31, 2000], *affd* 6 Fed Appx 61 [2d Cir 2001]). In finding that the general contract's arbitration agreement was not so incorporated into the subcontract, the federal court remanded the action to state court (*Intertec Contr. A/S v Turner Steiner Intl., S.A.*, 2001 WL 812224, 2001 US Dist LEXIS 9950 [SD NY, July 18, 2001]).

Upon remand to state court, defendants served an answer and moved to dismiss the action on the basis of forum non conveniens. In support of their motion, defendants assert, inter alia, that most of the parties are foreign: Intertec Contracting A/S is a Danish corporation with offices in Denmark; Intertec (Gibraltar) Ltd. and Intertec Overseas Limited are both incorporated in Gibraltar (although wholly owned by Intertec Contracting A/S); TSEAL is incorporated in Hong Kong and TSI is a Belgian corporation. Furthermore, the appearance of many foreign witnesses would be necessitated. Intertec contends, inter alia, that it should be accorded treatment as a citizen of the United States with respect to judicial access in light of the Treaty of Friendship, Commerce and Navigation between the United States and Denmark (12 UST 908, TIAS No. 4797 [1961]). Additionally, Intertec asserts that TSEAL's parent corporation TSI has an office in New York and that TSI's parent corporation, The Turner Corporation, is a Delaware corporation that also has an office in New York. Similarly, although incorporated in Hong Kong, TSEAL's board meetings have almost exclusively been held in New York. Intertec further claims its witnesses reside in Denmark or Great Britain and

that most of defendants' witnesses are Americans or American residents. Intertec also noted that most of the nonparty witnesses listed by defendants do not reside in Sri Lanka. During the pendency of defendants' motion to dismiss, considerable discovery was exchanged between the parties.

In granting the motion on condition that defendants submit to the jurisdiction of the courts of Sri Lanka and not raise any statute of limitations defense, the IAS court found, inter alia, that "New York has no interest in the outcome of this litigation, as all the events and transactions giving rise to the contract dispute . . . were executed in Sri Lanka." I would reverse and find, in the exercise of this Court's independent discretion (*see Holness v Maritime Overseas Corp.*, 251 AD2d 220, 225 [1998]), that the IAS court erred in dismissing the action on the ground of forum non conveniens since a substantial nexus between New York State and Intertec's cause of action exists to justify plaintiffs' choice of forum.

Founded upon the equitable principles of justice, fairness and convenience, the common-law doctrine of forum non conveniens, as codified in CPLR 327, is a highly flexible concept whereby a court, after considering and balancing certain competing factors, may entertain or decline to entertain jurisdiction over an action (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *Martin v Mieth*, 35 NY2d 414, 418 [1974]). Although no one factor is controlling, factors to be considered by a court include the potential hardships to the respective parties, the burden upon the designated forum's courts and the unavailability of a suitable alternative forum in which an action may be brought (*Islamic Republic*, 62 NY2d at 479). A court may also consider that the plaintiffs are nonresidents, that the underlying transaction occurred in a foreign jurisdiction, and that another suitable forum is unavailable to the parties (*Islamic Republic*, 62 NY2d at 479-480). It is the burden of the defendant challenging the designated forum to demonstrate relevant public and private factors which militate against permitting the action to proceed in the plaintiffs' forum (*id.*).

Although plaintiffs' cause of action had its genesis in Sri Lanka, defendants have failed to demonstrate that they would suffer any greater hardship if the action remained in New York, particularly where TSI and The Turner Corporation have offices in New York, where TSEAL routinely has held its board meetings in New York and where defendants engaged in very

extensive pretrial discovery in both the New York State and federal courts (*see ABKCO Indus. v Lennon,* 52 AD2d 435, 441 [1976]). Where the parties have engaged in substantial pretrial discovery and invested a great deal of valuable time and resources, the presumption against dismissal on the basis of forum non conveniens greatly increases. In the instant matter, most of the relevant and necessary records and documents in this litigation have already been exchanged and are present in New York. Indeed, in the federal action, defendants served extensive document requests and the parties agreed to transport their respective project files from Sri Lanka to New York for production. Defendants' files were ultimately produced only after the federal court threatened to impose substantial monetary sanctions upon defendants for their repeated noncompliance with plaintiffs' discovery requests. In the state action, pretrial discovery had already reached an advanced stage before defendants' motion to dismiss was granted: defendant TSEAL served a counterclaim, interrogatories and document requests were served, a preliminary conference was held and a compliance conference was conducted with scheduled deposition dates. In all, over 200 boxes of relevant documents and records were exchanged in both the state and federal action. Defendants cannot now be heard to claim any great hardship in light of the foregoing.

Conversely, I find that Intertec would suffer severe hardship if compelled to initiate a new action in Sri Lanka since they commenced the instant action in 1998 and suffered through years of delay until the action was ultimately remanded to state court.

In light of the treaty between the United States and Denmark, Intertec should be accorded treatment as a United States citizen with respect to access to our judicial system. Since Intertec (Gibraltar) Ltd. and Intertec Overseas Limited are wholly owned by Intertec Contracting A/S, these entities are also to be afforded treatment as United States residents. As such, Intertec's choice of forum should be afforded great deference.

Likewise, I would also find that no other alternative forum is presently available and that Sri Lanka is an unsuitable forum for the resolution of plaintiffs' claims. In light of the civil war presently manifest in Sri Lanka with its attendant series of terrorist incidents, it would be improvident to direct the parties and any potential witnesses to submit to Sri Lankan jurisdiction at the present time or for the foreseeable future. In any event, it appears that a majority of the witnesses likely to be

called in the course of this litigation do not reside in Sri Lanka and many currently reside either in the United States or in Europe. Furthermore, any hardship to either plaintiffs or defendants in bringing potential witnesses into New York would be minimal since they are both large multinational corporations with ample resources.

Nor do I find any potential application by New York courts of the laws of Sri Lanka to be an unnecessary burden upon our judiciary since our courts are frequently called upon to apply the laws of foreign jurisdictions (*see Anagnostou v Stifel*, 204 AD2d 61, 62 [1994]; *see also Yoshida Print. Co. v Aiba*, 213 AD2d 275 [1995]).

In light of the balancing of relevant public and private factors, I conclude that defendants failed to meet their heavy burden of demonstrating that plaintiffs' designation of New York as the forum for the instant litigation is an inconvenient forum.

Defendants' remaining contentions have been considered and rejected.

Accordingly, the order of the Supreme Court, New York County (Richard Lowe, III, J.), entered on or about August 6, 2002, which granted defendants' motion to dismiss the action on the ground of forum non conveniens, should be reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied. Appeal from order, same court and Justice, entered November 25, 2002, which, to the extent appealable, denied plaintiffs' motion to renew, should be dismissed, without costs, as academic, in view of the foregoing.

NARDELLI, J.P., SAXE and MARLOW, JJ., concur.

Order, Supreme Court, New York County, entered on or about August 6, 2002, reversed, on the law, the facts and in the exercise of discretion, without costs, and defendants' motion to dismiss the action denied. Appeal from order, same court, entered November 25, 2002, dismissed, without costs, as academic.