New York Wheel Owner, LLC v Mammoet Holding B.V. (2022 NY Slip Op 03480)





New York Wheel Owner, LLC v Mammoet Holding B.V.


2022 NY Slip Op 03480


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Index No. 656661/20 Appeal No. 16046 Case No. 2022-00356 

[*1]New York Wheel Owner, LLC, Plaintiff-Respondent,
v
Mammoet Holding B.., Defendant-Appellant.


Dentons US LLP, New York (Anthony B. Ullman of counsel), for appellant.
Friedman Kaplan Seiler and Adelman LLP, New York (Hunter Mims of counsel), and Eichmann, P.C., Los Angeles, CA (John Jeffrey Eichmann of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Margaret Chan, J.), entered January 18, 2022, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
In this action arising out of the failed project to construct an observation wheel on the Staten Island waterfront, plaintiff, the developer of the project, alleges a breach of contract claim against defendant Mammoet Holding BV, as the alter ego of the nominal contracting party, known as the design build team (DBT). Applying Delaware law, plaintiff sufficiently alleges that defendant was a parent company of DBT, which was undercapitalized, failed to observe corporate formalities, siphoned funds to support defendant's other entities, and quickly went bankrupt to avoid liability for the breach (see Blair v Infineon Technologies AG, 720 F Supp 2d 462, 470-471 [D Del 2010]). Because plaintiff sufficiently alleged misconduct by defendant under an alter ego theory, the no recourse clause of the contract does not insulate defendant from liability (Bankers Trust Co. v Hale & Kilburn Corporation, 84 F2d 401, 405 [2d Cir 1936]; Small v Sullivan, 245 NY 343, 356 [1927]; see generally Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 385 [1983]).
Nor did defendant demonstrate entitlement to dismissal of the action under a provision of the design-build agreement that precludes imposition of duplicate liability against the two entities that signed a completion guaranty. The pendency of litigation in which a lender on the project asserts claims against one of the guarantors does not bar plaintiff's claim under the design-build agreement because neither defendant nor the DBT was a guarantor under the completion agreement, and the clear meaning of the duplicate liability clause was to insulate the guarantors from duplicative liability, not defendant or the DBT. To the extent that the clause in plaintiff's agreement concerning duplicate liability contains additional language that renders it ambiguous, the ambiguity cannot be resolved at the pleading stage (see LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 5-6 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022