Cortland St. Recovery Corp. v Bonderman (2023 NY Slip Op 01862)

Cortland St. Recovery Corp. v Bonderman

2023 NY Slip Op 01862

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 653357/11 Appeal No. 17499 & M-1112-M-1114 Case No. 2021-04782 

[*1]Cortland Street Recovery Corp., and Wilmington Trust Company, as Trustee, Plaintiff-Respondent-Appellant,
v
David Bonderman et al., Defendants, Giancarlo Aliberti, et al., Defendants-Appellants-Respondents.

Ropes & Gray LLP, New York (Robert S. Fischler of counsel), for Giancarlo Aliberti and Apax Partners, L.P., appellants-respondents.
Kasowitz Benson Torres LLP, New York (Paul M. O'Connor III of counsel), for Matthias Calice, TPG Capital, L.P., TPG Capital-New York, Inc., TPG Partners IV, L.P., TPG Advisors IV, Inc., TPG Genpar IV, L.P., TPG Advisors II, Inc., T3 Genpar II, L.P., T3 Partners II, L.P., and T3 Parallel II, L.P., appellants-respondents.
Foley & Lardner LLP, New York (Alissa Nann and David B. Goroff of the bar of the State of Illinois, admitted pro hac vice of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Robert Reed, J.), entered November 15, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the first cause of action for breach of certain PIK notes, third cause of action for satisfaction of the notes and a related judgment rendered for nonpayment of the notes, and ninth cause of action for unjust enrichment, and granted defendants' motion to dismiss the fourth through eighth causes of action for fraudulent conveyance and tenth cause of action for conversion, unanimously modified, on the law, to grant so much of the motion as sought dismissal of the first cause of action, and otherwise affirmed, without costs.[FN1]
The court providently exercised its discretion in declining to dismiss the complaint on forum non conveniens grounds, as defendants failed to satisfy their "heavy burden" of establishing that plaintiff's selection of New York as the forum to litigate this action "is not in the interest of substantial justice" (Swaney v Academy Bus Tours of N.Y., Inc., 158 AD3d 437, 438 [1st Dept 2018] [internal quotation marks omitted]). Even if the majority of the underlying activities occurred abroad, defendants cannot show that New York has no, or only an insubstantial, nexus to the action, given that it has long been litigated in New York and has resulted in a New York judgment (see Intertec Contr. A/S v Turner Steiner Intl., S.A., 6 AD3d 1, 4-5 [1st Dept 2004]). Defendants also failed to identify any hardship to the parties or to Supreme Court that would arise from further litigation of the action in New York.
As to the first and third causes of action, which seek to recover on the notes and judgment against defendants under an alter ego theory, although defendants are correct that they should not have been judicially or collaterally estopped from arguing that the law of Luxembourg governs the issue of whether the corporate veil of the judgment debtors should be pierced, we find that New York law applies. Even though the judgment debtors were incorporated in Luxembourg, creating a presumption that Luxembourg law governs, the circumstances here militate in favor of applying New York law. The action largely concerns the enforcement of a New York judgment, and New York law has consistently been applied to the alter ego/veil piercing issue throughout the prior stages of the litigation (see In re Bernard L. Madoff Inv. Sec. LLC, 583 BR 829, 845-846 [SD NY 2018]). As with the allegations in the original complaint, the allegations in the amended complaint, as against the TPG defendants, sufficiently stated claims for alter ego liability under New York law at this pleading stage (see Cortland St. Recovery Corp. v Bonderman, 31 NY3d 30, 49 [2018] ["It is sufficient at the pleading stage that the alleged facts and the inferences drawn from them establish the basic elements of the doctrine of piercing the corporate veil"]). Given the allegations of misconduct under an [*2]alter ego theory, Supreme Court correctly rejected defendants' arguments that the claims were waived by the Indenture's "no recourse clause" (see New York Wheel Owner, LLC v Mammoet Holding B.V., 205 AD3d 651 [1st Dept 2022]; see also LaSalle Natl. Bank v Perelman, 141 F Supp 2d 451, 462-463 [D Del 2001]). Defendants' contention that the claims should be dismissed on the equitable basis that the original, sophisticated investors had bargained away their right to recourse against third parties is unavailing.
Nevertheless, the first cause of action for breach of the PIK notes should have been dismissed because litigating that claim would amount to a relitigation of the breach of contract claim against the judgment debtors, which has been reduced to a judgment. As plaintiff admits that the first cause of action seeks the same recovery as the third cause of action for satisfaction of the judgment under an alter ego theory, it should be dismissed as duplicative. Similarly, we also reject plaintiff's arguments on its cross appeal seeking reinstatement of the fraudulent conveyance and conversion claims, all of which seek no more than to enforce the judgment against defendants based on the theory that they controlled the activities of the judgment debtors.
M-1112 - Cortlandt Street v Bonderman Motion to withdraw and partially withdraw, granted. M-1114 - Cortlandt Street v Bonderman Motion to withdraw, granted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023

Footnotes

Footnote 1: Subsequent to oral argument on this appeal, defendants moved to withdraw the appeals by Matthias Calice, Giancarlo Aliberti and Apax Partners L.P. in their entirety as well as the appeal by the TPG Entity defendants as to the ninth cause of action (unjust enrichment). We grant the withdrawal and partial withdrawal motions and, as a result, do not address those portions of defendants' arguments on appeal.