## Unirea Shopping Ctr. S.A. v Adamescu

2024 NY Slip Op 31861(U)

May 15, 2024

Supreme Court, New York County

Docket Number: Index No. 656050/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO                    PART            33M

                                    *Justice*

-----------------------------------------------------------------X

UNIREA SHOPPING CENTRE S.A.,

                                    Plaintiff,

                    - v -

CARMEN PALADE ADAMESCU, RANI PALADE
ADAMESCU, TYCOON DEVELOPMENT, LLC

                                    Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656050/2021 |
| MOTION DATE | 03/10/2023 |
| MOTION SEQ. NO. | 003 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 003) 5, 6, 14, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 89

were read on this motion to/for          DISM ACTION/INCONVENIENT FORUM          .

Upon the foregoing documents, and after oral argument which occurred on October 24, 2023 with Katherine A. Skeele, Esq. appearing for Plaintiff Unirea Shopping Centre S.A. ("Plaintiff") and Diane Chan, Esq. appearing for Defendants Carmen Palade Adamescu ("Carmen"), Rani Palade Adamescu ("Rani") (together, the "Individual Defendants") and Tycoon Development, LLC ("Tycoon") (together with the Individual Defendants, "Defendants"), Defendants' March 10, 2023 motion for an Order dismissing this action with prejudice on the ground of forum *non conveniens* is denied.

## I.      Background and Procedural History

Plaintiff is a Romanian company with its principal place of business in Bucharest, Romania (NYSCEF Doc. 60 at ¶ 5). Plaintiff is "without a presence in the U.S. and all of its representatives [are] located outside of the U.S." (NYSCEF Doc. 62 at 2). Defendant Carmen is a citizen of Romania and currently resides in Romania (NYSCEF Doc. 57 at ¶ 2). Carmen was a director of Plaintiff from 2002 until August 31, 2017 (NYSCEF Doc. 60 at ¶ 11). Further, Carmen is the

656050/2021   UNIREA SHOPPING CENTRE S.A. vs. ADAMESCU, CARMEN PALADE ET AL
Motion No.  003

Page 1 of 6

mother of Defendant Rani (*Id.*), and the stepmother of Bogdan Alexander Ademescu ("Alexander"), who is the current Chairman and CEO of Plaintiff (NYSCEF Doc. 58 at ¶ 2). Rani is a citizen of Romania who currently resides in Greece (NYSCEF Doc. *Id.*).

Defendant Tycoon is a New York Corporation (NYSCEF Doc. 57 at ¶ 4). In 2012 Carmen and Rani created Defendant Tycoon for the sole purpose of acquiring an apartment located at 845 United Nations Plaza, Unit 75D, New York, New York (the "Apartment") (*Id.*). Rani is the owner and sole member of Tycoon (*Id.*). Tycoon has no employees, no operations, and no offices, and its sole asset is the Apartment (*Id.* at ¶ 5).

Plaintiff contends that Carmen was removed from her position as Chairman and CEO of Plaintiff based on allegations that she caused Plaintiff to enter into multiple fraudulent contracts with shell companies that she controlled with Rani (NYSCEF Doc. 71 at 6-7). Through these fraudulent contracts, Plaintiff claims that Carmen embezzled millions of dollars from Plaintiff (NYSCEF Doc. 60 at ¶ 58). Further, Defendants Carmen and Rani are currently the subjects of an ongoing criminal investigation by the Prosecutor's Office at the Bucharest Tribunal in Romania for purportedly embezzling from and defrauding Plaintiff while Carmen was at the company (NYSCEF Doc. 14 at ¶¶ 7, 15).

On March 10, 2023, Defendants commenced the instant motion to dismiss Plaintiff's Complaint on *Forum Non Conveniens* grounds (NYSCEF Doc. 55), arguing *inter alia*, that because neither Plaintiff nor Defendants Carmen and Rani reside in New York, the alleged embezzlement scheme took place in Romania, many key witnesses and documents are located in Romania or in the possession of third-party Romanian prosecutors, and Romania is an appropriate alternate forum, Plaintiff's action should be dismissed on *forum non conveniens* grounds (NYSCEF Doc. 56 at 7).

**656050/2021  UNIREA SHOPPING CENTRE S.A. vs. ADAMESCU, CARMEN PALADE ET AL**          **Page 2 of 6**
Motion No.  003

2 of 6

[* 2]

## II.    Discussion

### a.    Standard for Dismissal on Forum Non Conveniens Grounds

Pursuant to CPLR 327, a Court may stay or dismiss an action where it finds "that in the interest of substantial justice the action should be heard in another forum." The First Department has held that a movant seeking dismissal under the doctrine of forum non conveniens bears "a heavy burden of establishing that New York is an inconvenient forum and that a substantial nexus between New York and the action is lacking" (*Elmaliach v Bank of China Ltd.*, 110 AD3d 192, 208 [1st Dept 2013]).

In considering a motion to dismiss based on forum non conveniens the factors to be considered include "the burden on the New York Courts, the potential hardship to defendant[s], the fact that the transaction giving rise to the action occurred in a foreign jurisdiction, as well as the residence of the plaintiff" (*K.T. v Dash*, 37 AD3d 107, 109 [1st Dept 2006]). The First Department has further held that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" (*Anagnostou v Stifel*, 204 AD2d 61 [1st Dept 1994] citing (*Waterways, Ltd. v Barclays Bank PLC*, 174 AD2d 324, 327 [1st Dept 1991]). Moreover, "[t]he fact that another forum may have a substantial interest in adjudicating an action is but one factor to be weighed" (*Aon Risk Servs. v Cusack*, 102 AD3d 461, 463 [1st Dept 2013]). In undertaking this inquiry, the Court is mindful of its obligation to "take great care in assessing the adequacy of a foreign forum, [and] not to impugn foreign judicial systems merely because they are different" (*Wilson v Dantas*, 29 NY3d 1051, 1068 [2017]).

### b.    Defendants Motion to Dismiss Plaintiff's Complaint on Forum Non Conveniens Grounds is Denied

While Defendants argue that each of the forum non conveniens factors support dismissal (NYSCEF Doc. 56 at 13), for the reasons discussed below, the Court finds that Defendants have

**656050/2021   UNIREA SHOPPING CENTRE S.A. vs. ADAMESCU, CARMEN PALADE ET AL**      **Page 3 of 6**
**Motion No. 003**

3 of 6

failed to meet their heavy burden of establishing that New York is an inconvenient forum and that a substantial nexus between New York and the action is lacking.

The First Department has held that where New York is the situs of disputed property as a result of defendants' intentional transportation of the property to New York, a substantial nexus to New York exists as New York has a valid and compelling interest in resolving the claims involving the possession and ownership of the property (*Republic of Lebanon v Sotheby's*, 167 AD2d 142, 144 [1st Dept 1990]). Here, the subject Apartment is located in New York (NYSCEF Doc. 57 at ¶ 4), the purchase of the Apartment took place in New York, and the purchasing entity, Tycoon, is a New York LLC. (NYSCEF Doc. 6 at 3). In light of the foregoing, the Court finds that Defendants have failed to meet their heavy burden of demonstrating that a substantial nexus between New York and the action is lacking.

While Defendants contend that the potential need to apply Romanian law to resolve this action weighs in favor of dismissal (NYSCEF Doc. 56 at 21), the First Department has held that where a "case involves only one foreign jurisdiction's law," as is the case here, the burden on New York courts is diminished (*Wilson v Dantas*, 128 AD3d 176, 187 [1st Dept 2015]). The First Department has further held that application by New York courts of foreign laws do not impose "an unnecessary burden upon our judiciary since our courts are frequently called upon to apply the laws of foreign jurisdictions" (*Intertec Contr. A/S/ v Turner Steiner Int'l*, 6 AD3d 1, 6 [1st Dept 2004]).

Further, while Defendants Carmen and Rani do not reside in New York, Rani is the sole owner and member of Tycoon, which was the Plaintiff in a New York Supreme Court action to recover unpaid rent on the Apartment (*see Tycoon Development, LLC v. Weston Capital Services, Ltd and John R. Liegey*, Index No. 153662/2021 (N.Y. Sup. Ct. N.Y. Cnty.). This previous lawsuit

**656050/2021   UNIREA SHOPPING CENTRE S.A. vs. ADAMESCU, CARMEN PALADE ET AL**        **Page 4 of 6**
**Motion No.  003**

[* 4]                                                    4 of 6

is evidence that Rani and Tycoon have been conducting business and entering contracts in New York. Accordingly, no undue hardship can be found with respect to Defendants Rani and Tycoon. *See Wilson v. Dantas*, 128 A.D.3d 176, 187-88 (1st Dep't 2015) (holding that no undue hardship to defendants exist where the defendants "entered New York to transact business and continued to have contacts with New York entities during the performance of…contracts.").

Although a substantial amount of evidence and witnesses may reside in Romania, as the Apartment is New York property, any prejudice to Defendants does not outweigh New York's interest in resolving claims involving the possession and ownership of the Apartment. In light of the foregoing, the Court finds that the balance of the interests does not so strongly favor defendants so as to justify disturbing Plaintiff's choice of forum in this action.[1]

Accordingly, it is hereby,

ORDERED that Defendants Carmen Palade Adamescu, Rani Palade Adamescu and Tycoon Development, LLC's March 10, 2023 motion for an Order dismissing this action with prejudice on the ground of forum *non conveniens* is denied; and it is further

ORDERED that on or before June 25, 2024, the parties are directed to submit a proposed Status Conference Order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference with the Court in Room 442, 60 Centre Street, on June 26, 2024 at 9:30 a.m.; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff Unirea Shopping Centre S.A. shall serve a copy of this Decision and Order, with notice of entry, on all parties to this action; and it is further

_____

[1] Finding that the balance of the interests does not sufficiently favor Defendants to justify disturbing Plaintiff's choice of forum in this action, the Court need not consider the availability of an alternative forum.

**656050/2021   UNIREA SHOPPING CENTRE S.A. vs. ADAMESCU, CARMEN PALADE ET AL**         **Page 5 of 6**
**Motion No.  003**

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 5/15/2024 | | *May V Rosado JSC* |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | [x] | NON-FINAL DISPOSITION | |
| | | GRANTED | [x] DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

656050/2021  UNIREA SHOPPING CENTRE S.A. vs. ADAMESCU, CARMEN PALADE ET AL          Page 6 of 6
Motion No.  003

[* 6]